Justice PATTERSON
delivered the opinion of the Court.
By virtue of a reassignment within the Mercer County Office of the Public Defender (OPD), defendant Terrence Miller did not meet his attorney until the morning on which his trial was scheduled to begin. The attorney advised the court he was prepared to proceed with the trial but noted defendant’s concern that defendant and his counsel had not had sufficient time together prior to the commencement of the proceeding. On defendant’s behalf, the attorney asked the trial court to adjourn the trial so that client and counsel could confer and plan the defense. The trial court denied defendant’s application for an adjournment and proceeded that morning with the hearing on defendant’s suppression motion. The judge denied the suppression motion, and defendant’s trial began the following day. At trial, the jury convicted defendant of two drug charges.
Defendant appealed, claiming he was deprived of his constitutional right to effective assistance of counsel. In a split decision, an Appellate Division panel upheld the conviction, holding that the trial court’s denial of defendant’s application to adjourn the trial date did not warrant reversal in the absence of a finding of ineffective assistance of counsel or a showing of prejudice. State v. Miller, 420 N.J.Super. 75, 78, 18 A.3d 1054 (App.Div.2011). A member of the panel dissented, maintaining that the trial court’s decision violated constitutional standards and principles of fundamental fairness notwithstanding defendant’s failure to demonstrate that he was prejudiced by the trial court’s decision. Id. at 99, 18 A.3d 1054 (Fuentes, J.A.D., dissenting).
Defendant appealed as of right to this Court. R. 2:2-1(a)(2). He argued that prejudice should be presumed when a trial court’s denial of an adjournment motion constrains a criminal defendant’s opportunity to develop a rapport with his counsel. After briefing *47 and oral argument, this Court remanded the matter to develop a factual record with respect to defendant’s opportunity to confer with his counsel before the trial court’s hearing on the suppression motion. Following an evidentiary hearing, the judge on remand submitted factual findings with respect to defense counsel’s opportunity to prepare for the trial and the setting and duration of defendant’s first meeting with his counsel prior to the suppression hearing.
Following a supplementation of the record ordered by this Court, we affirm the Appellate Division. We apply the principles set forth in State v. Hayes, 205 N.J. 522, 537-38, 16 A.3d 1028 (2011), governing a trial court’s exercise of its discretion to grant or deny adjournments. We hold that when a defendant seeking an adjournment asserts an inadequate opportunity to confer with new counsel, the trial court should consider the factors enumerated in Hayes, carefully weighing the competing interests raised by the factual setting of the individual case. Id. at 538, 16 A.3d 1028 (citing State v. Furguson, 198 N.J.Super. 395, 402, 487 A.2d 730 (App.Div.), certif. denied, 101 N.J. 266, 501 A.2d 933 (1985)). We reiterate the rule articulated in Hayes: a trial court’s abuse of discretion in denying an adjournment request does not require reversal absent a showing of prejudice. Id. at 537-39, 16 A.3d 1028. We decline to adopt the inflexible rule advocated by defendant, which would mandate reversal in the event of such an abuse of the trial court’s discretion regardless of whether the defendant made a showing of prejudice.
Applied here, the Hayes balancing test does not warrant the reversal of defendant’s conviction. Given the late substitution of counsel, for which defendant was not accountable, and defendant’s limited opportunity to confer with his new attorney prior to the suppression motion, it would have been preferable for the trial judge to have postponed the commencement of the suppression hearing. The judge’s denial of the adjournment, however, did not constitute an abuse of discretion, in light of the history of the case, the defendant’s brief meeting with his counsel before the pretrial *48 hearing and the newly-appointed attorney’s representation that he was prepared to proceed. We hold that the trial court’s decision offended neither constitutional norms nor principles of fundamental fairness. Accordingly, we affirm the judgment of the Appellate Division.
I.
This case arose from surveillance conducted by the Trenton Police Department on August 4, 2006. Acting on an informant’s tip that an individual was selling drugs at a particular location, a police officer observed a woman approach the suspect under surveillance. The officer watched through binoculars as the suspect crossed the street, walked to the window of a residence and reached into an area next to an air conditioner that was installed in the window. The suspect then returned to the woman and handed her an object for which she gave him money in exchange.
The officer called for an arrest unit. While waiting for that unit’s arrival, the officer observed a man, later identified as Joseph McKinney, approach the suspect. The suspect crossed the street again, approached the same window and retrieved objects adjacent to the air conditioner. The man returned to McKinney, handed him the objects and collected money from him. The suspect then left the scene.
As two officers from an arrest unit arrived, McKinney threw “a quantity of off-white rock-like substance” on the ground, and the officers arrested him. The officers retrieved the bag, which contained 0.09 grams of crack cocaine. Ten minutes later, the officer who had conducted the surveillance saw a man, whom he identified as the same suspect he had seen exiting a Cadillac in which he was a passenger, on the same corner previously under surveillance. Officers arrested the suspect, later identified as defendant. The officers retrieved a bag from the area near the air conditioner, which contained 7.29 grams of crack cocaine. One of the officers conducted a search incident to arrest and found $790 in defendant’s possession.
*49 The indictment charged defendant with two counts of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1), two counts of third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), two counts of second-degree possession of a CDS with intent to distribute on or near a public park, N.J.S.A. 2C:35-7.1(a), one count of third-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1), and one count of second-degree distribution of CDS on or near a public park, N.J.S.A. 2C:35-7.1(a).
Defendant privately retained an attorney, and that attorney appeared before the trial court at a May 14, 2007 hearing. The trial judge set a July 16, 2007 trial date. The trial did not proceed on that day for reasons not revealed by the record. On September 10, 2007, the date of the next hearing, defendant proceeded pro se. A second trial date was set for September 19, 2007, but it was also adjourned, again for reasons unexplained in the record. Prior to the next scheduled court hearing on October 29, 2007, defendant was assigned a public defender. At that hearing, the court set December 10, 2007, as the date for a hearing on defendant’s motion to suppress. For unknown reasons, defendant’s initial public defender was unable to serve as defendant’s trial counsel; sometime in late November 2007, his initial public defender informed the court that she would not be able to try the case. The Mercer County OPD, however, never formally requested an adjournment for change of counsel.
Defendant’s new attorney was a public defender with nineteen years of experience in legal practice, including some experience in criminal cases.[1] On Thursday, December 6, 2007, defendant’s new attorney was informed by his supervisors at the Mercer County OPD that he would be transferred from his current assignment in the Mercer County OPD’s juvenile unit to a trial team responsible *50 for cases overseen by the trial judge in this case. The attorney was told that day that he would serve as defendant’s trial counsel and that defendant’s trial was expected to begin on the following Monday, December 10, 2007. It would be his first adult criminal trial in seven years. Defendant’s attorney, concerned that he was being assigned a case with an imminent trial date, immediately went to the trial judge’s chambers, explained the reassignment and informally requested that the trial date be adjourned. The trial judge denied his request and advised him that the case would proceed to trial as scheduled.
Defendant’s counsel returned to his office and prepared his trial binder, working for ninety minutes on the case that afternoon. The next day, Friday, December 7, 2007, counsel worked on defendant’s case for approximately two-and-one-half hours. That day, the attorney tried to reach defendant by telephone using contact information provided by the Mercer County OPD but was unsuccessful. He was unaware that he could enlist the services of a Mercer County OPD investigator to assist him in locating his new client.
The following day, Saturday, December 8, 2007, defendant’s counsel conducted a three- to four-hour review of relevant evidence rules and suppression law to prepare himself for proceedings in adult criminal court; he did not complete billing records for this review because of the general nature of his work. On Sunday, December 9, 2007, counsel spent approximately three hours reviewing discovery and preparing to cross-examine the State’s witnesses. According to the attorney’s testimony and billing records, he spent a total of ten to eleven hours preparing for trial. He had no contact with defendant in the days leading up to trial.
On Monday morning, December 10, 2007, defendant’s counsel arrived at the courthouse before 9:00 a.m. and met defendant. According to counsel, the trial court delayed the commencement of proceedings to afford him “an opportunity to at least speak to the client ... for the first time.” After introducing themselves, *51 counsel and defendant conferred for approximately twenty-five minutes in a window area of an empty stairwell between two floors of the courthouse. The attorney described the location of their initial meeting as “the only private area” available and recalled the “awkwardness” of the circumstances. The attorney testified that he and defendant discussed requesting an adjournment, among other procedural matters. Counsel briefly left defendant to speak with the prosecutor to discuss a possible plea agreement, but their negotiations were unsuccessful. Defendant and his attorney then met privately for approximately one-half hour.
At approximately 10:30 a.m., following counsel’s second conversation with defendant, the trial judge commenced the proceedings. Before the hearing on defendant’s motion to suppress, the prosecutor dismissed three counts of the indictment. Subsequently, counsel requested an adjournment and stated on the record that his contact that morning had been “the first opportunity Fve had to meet with [my client].” The attorney explained his client’s “concern” about the circumstances and commented that the “rapport” between attorney and client could not be established on the first day of their relationship, with a suppression hearing about to begin. Defendant’s counsel acknowledged that he had an opportunity to “review and prepare” for trial and that the trial court intended to begin the hearing as scheduled. He stated, however, that he thought “Mr. Miller would still prefer that this matter not proceed at this time.” The prosecutor did not object to the application for an adjournment.
The trial court denied defendant’s request for an adjournment. It explained that the case had been listed for trial for several months. Citing Rule 1:11, which governs withdrawal or substitution of counsel, the trial judge informed counsel that he had put the Mercer County OPD on notice that an adjournment was unlikely to be granted. He commented that the case was a simple drug prosecution involving “nothing difficult or complex” and that after the suppression hearing, counsel would have the remainder of the day to prepare for the commencement of trial the following *52 day, Tuesday, December 11, 2007. The judge noted that after the first day of trial the case would not resume until Friday, December 14, 2007, leaving the defense substantial time to prepare its case. The trial judge conceded that defendant was somewhat uncomfortable because he had been working with prior assigned counsel but concluded that “the defendant [wa]s prejudiced in no way.”
The trial court commenced the hearing on defendant’s suppression motion. In that motion, defendant argued that there had not been probable cause for his arrest and sought suppression of currency found on his person when he was arrested. After one of the police officers testified about the circumstances of defendant’s arrest, defendant took the stand. He testified that he was arrested shortly after being dropped off by a friend after a shopping trip. Defendant stated that he was “grabbed” by police in a corner store, pulled outside and searched, along with several others detained by police. Defendant contended that an officer approached him with “a bag of something” and that the officer rejected defendant’s attempt to disclaim ownership of the bag with the comment, “it is yours now.” Defendant testified that one of the officers then arrested him. He also testified that it would have been impossible for the police officer conducting surveillance to see either the area where defendant was arrested or the area in which the air conditioner was located because trees blocked the view. In order to explain his possession of $790 at the time of his arrest, defendant testified he was a professional boxer, a minister and a car salesman, and further noted he usually carries more cash. Defendant said that he had witnesses who were prepared to testify on his behalf, including the person who had driven the Cadillac and dropped defendant off immediately before his arrest.
The trial court denied defendant’s motion, finding the police officer more credible than defendant. The prosecutor objected to defendant’s alibi defense, which had not been disclosed in a notice of alibi pursuant to Rule 3:12-2, and defendant’s counsel promised to “address those issues.” The trial court adjourned the proceed *53 ing for the day. After leaving court, defendant and his attorney met for approximately one hour at the attorney’s office.[2]
Defendant’s trial commenced on Tuesday, December 11, 2007, with jury selection, opening statements and the State’s presentation of its witnesses: two of the investigating police officers. The defense commenced its case on Friday, December 14, 2007. Defendant did not testify. McKinney testified on defendant’s behalf, stating that he had bought cocaine from someone other than defendant on the day of defendant’s arrest. A second witness testified that she observed defendant’s arrest, watched officers retrieve an item from across the street, overheard defendant deny ownership of that item and heard an officer say “[i]t is yours now.” Another witness testified that she saw defendant get out of a Cadillac and go into a store. The jury convicted defendant of all remaining charges. After the jury rendered its verdict, defendant blurted out that his brother, not he, had sold the drugs at issue.
At his sentencing hearing on June 30, 2008, defendant was represented by the privately-retained attorney whom he had hired and dismissed prior to trial, but argued pro se motions on his own behalf. He told the trial judge that he did not meet his trial attorney until the day of the suppression hearing and that both he and his attorney had been “unprepared.” He said that he had wanted to present evidence that the suspect observed by police was someone else. The trial court denied defendant’s motion for a new trial, Rule 3:20-1, denied the State’s motion for an extended term, Rule 3:21-4(e), merged two of the offenses, and sentenced defendant to a five-year term of incarceration with a two-year period of parole ineligibility.[3]
*54 Defendant appealed.[4] An Appellate Division majority held that defendant had not demonstrated that he had ineffective assistance of counsel, given the Mercer County OPD’s active work on his behalf and the trial court’s two-week notice to defendant that the trial would proceed. Miller, supra, 420 N.J.Super. at 78-79, 18 A.3d 1054. The majority emphasized the trial court’s discretion in controlling its calendar and the requirement that a defendant demonstrate prejudice in order to obtain a new trial. Id. at 86-88, 18 A.3d 1054.
The dissenting judge acknowledged “the absence of direct prejudice.” Id. at 99, 18 A.3d 1054 (Fuentes, J.A.D., dissenting). He maintained, however, that the trial court’s denial of an adjournment, compelling the defendant to proceed when he had just met his attorney for the first time, fundamentally offended principles of trial fairness and justice. Id. at 102, 18 A.3d 1054. He observed that this case raised the specter of a two-tiered system in which indigent defendants are left “at the mercy of staff attorneys beholden to their supervisors.” Id. at 103, 18 A.3d 1054. The dissenting judge disputed the trial court’s conclusion that the trial of this case was uncomplicated and asserted that the court has a non-delegable duty to guarantee the administration of justice, requiring reversal of defendant’s conviction. Id. at 99-100, 103-04, 18 A.3d 1054.
Defendant appealed as of right with regard to the issue raised by the dissent. R. 2:2-1(a)(2).
II.
Defendant asserts that the trial court deprived him of counsel of his choice in violation of U.S. Const, amend. VI and N.J. Const. art. I, ¶ 10. He contends that the trial judge did not properly exercise his discretion in denying the requested adjournment *55 because that decision was prompted by the judge’s annoyance at mismanagement by the Mercer County OPD, for which defendant was not responsible. Defendant urges the Court to hold that he need not demonstrate prejudice because prejudice is presumed when the denial of an adjournment deprives a criminal defendant of his choice of counsel and a fair trial. Alternatively, defendant contends that he has demonstrated prejudice because his testimony at the suppression hearing prompted his decision not to testify at trial and his counsel inadequately prepared his defense in various respects.
The State asserts a trial court has broad discretion to grant or deny adjournments as a component of its authority to control its calendar. It argues that defendants represented by appointed counsel do not have the right to counsel of their choice. The State contends that the panel majority correctly required a showing of prejudice to warrant reversal of defendant’s conviction. According to the State, the record of this case precludes any finding of prejudice because defendant and his counsel met prior to trial, defense counsel admittedly had an adequate opportunity to prepare the defense and the case was uncomplicated. The State argues that while the issue of prejudice is not raised by the Appellate Division dissent, and therefore is not before this Court, defendant has, in any event, failed to make a showing of prejudice.
Amicus curiae the American Civil Liberties Union (ACLU) argues that the trial court’s decision constituted an arbitrary insistence on an expeditious trial that violated defendant’s right to effective assistance of counsel and represented an abuse of discretion. ACLU asserts that the trial court’s denial of the adjournment precluded defendant and his counsel from establishing an effective attorney-client relationship and that prejudice should be presumed in this setting. Amicus curiae the Association of Criminal Defense Lawyers of New Jersey (ACDL) argues that defendants must be afforded time to develop trust and confidence in their counsel, which is impossible when an attorney and client who have never met are compelled to proceed. ACDL contends that *56 prejudice should be presumed and urges reversal of defendant’s conviction based on principles of due process and fundamental fairness.
Amicus curiae Attorney General of New Jersey (Attorney General) contends that the trial court’s denial of defendant’s motion for an adjournment did not constitute an abuse of discretion because it was not unreasonable, did not prompt a deficient performance by defense counsel and did not prejudice defendant. The Attorney General argues that there was no fundamental unfairness in this case because at each stage of the proceedings defendant was represented by competent counsel with no conflict of interest.
III.
The Court reviews this matter “as an appeal as of right, arising only through the dissent in the Appellate Division.” Borough of Sayreville v. 35 Club, L.L.C., 208 N.J. 491, 503, 33 A.3d 1200 (2012) (citing R. 2:2-1(a)(2)). Accordingly, “our review is confined to the issue which was the subject of the dissent.” Ibid.; accord State v. Allegro, 193 N.J. 352, 371 n. 9, 939 A.2d 754 (2008). As to all other issues, “certification must be sought separately,” Allegro, supra, 193 N.J. at 371 n. 9, 939 A.2d 754, and no such certification was requested or granted here.
The majority of the panel, Miller, supra, 420 N.J.Super. at 96, 18 A.3d 1054, and the dissenting judge, id. at 96-97, 18 A.3d 1054 (Fuentes, J.A.D., dissenting), agreed that defendant had not made a showing that he was prejudiced by the trial court’s denial of an adjournment. The panel sharply disagreed as to whether the denial of the adjournment represented an abuse of discretion that warrants a new trial absent a showing of prejudice and whether principles of fundamental fairness require reversal of defendant’s conviction. Id. at 99, 18 A.3d 1054 (Fuentes, J.A.D., dissenting). We thus address both issues.
*57 We begin with core constitutional principles. The United States and New Jersey Constitutions guarantee to criminal defendants the right to counsel. U.S. Const, amend. VI (“In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.”); N.J. Const, art. I, ¶ 10 (“In all criminal prosecutions the accused shall have the right ... to have the assistance of counsel in his defense.”). As the United States Supreme Court held in United States v. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657, 664 (1984), “[t]he special value of the right to the assistance of counsel explains why ‘[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel.’ ” (second alteration in original) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 n. 14 (1970)).
The Sixth Amendment right to effective assistance of counsel was defined by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There, the Supreme Court identified two distinct categories of cases in which defendants claim violations of their constitutionally guaranteed right to counsel. In the first category, a defendant asserts an “actual or constructive denial of the assistance of counsel altogether, as well as claims based on state interference with the ability of counsel to render effective assistance to the accused.” Id. at 683, 104 S.Ct. at 2062, 80 L.Ed.2d at 690.
In the second category, a defendant claims that his counsel failed to provide competent assistance. Id. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692. For such “actual ineffectiveness” cases, the Supreme Court established its familiar two-pronged test. Id. at 683-87, 104 S.Ct. at 2062-64, 80 L.Ed.2d at 690-93. The first prong requires a showing of deficient performance by counsel. Id. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The Supreme Court declined to impose a “particular set of detailed rules for counsel’s conduct,” id. at 688-89, 104 S.Ct. at 2065, 80 L.Ed.2d at 694, establishing instead “a strong presumption that counsel’s conduct *58 falls within the wide range of reasonable professional assistance,” id. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.
The second, or “prejudice,” prong of the Strickland test compels a showing that “the deficient performance prejudiced the defense.” Id. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Accordingly, a defendant must show “that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is rehable.” Ibid., 104 S.Ct. at 2064, 80 L.Ed.2d at 693. This second prong was reiterated by the Supreme Court in Cronic, supra, 466 U.S. at 658, 104 S.Ct. at 2046, 80 L.Ed.2d at 667, with the caveat that there are “circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.”[5] With the exception of the unusual setting in which prejudice to the defendant is self-evident, a defendant must make a showing of prejudice to meet the federal constitutional standard. Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697; Cronic, supra, 466 U.S. at 661-62, 104 S.Ct. at 2048, 80 L.Ed.2d at 669-70.
This Court has adopted the standard of Strickland and Cronic as the benchmark by which the violation of a right to counsel is measured under the New Jersey Constitution. State v. Fritz, 105 N.J. 42, 58, 519 A.2d 336 (1987). In Fritz, the “defendant had only sporadic contact with the Public Defender’s Office prior to trial.” Id. at 47, 519 A.2d 336. After defendant and his first assigned attorney discussed a potential plea bargain, the case was reassigned to another attorney, and “communications broke down.” Ibid. Nothing further was done on the defendant’s ease until the original attorney received a trial notice and confirmed, *59 three days before the trial date, that the trial would proceed as scheduled. Id. at 47-48, 519 A.2d 336. No witnesses had been contacted and the transcript of the probable cause hearing had not been ordered. Id. at 48, 519 A.2d 336. Nonetheless, the trial court denied a motion for an adjournment, noting that only jury selection would occur on the first day of trial. See ibid. The defendant was convicted, and the Appellate Division affirmed his conviction on two of the three offenses. Ibid.
This Court applied the test of Strickland and Cronic. Id. at 61, 519 A.2d 336. It rejected defendant’s claim that he was denied effective assistance of counsel, observing that counsel was familiar with the case from his involvement with the proposed plea agreement and that “counsel had at least one full day, and potentially three full days” to prepare for a case that “did not present overly difficult or complicated issues to an experienced criminal trial attorney.” Id. at 63, 519 A.2d 336.
In that setting, the Court held that the presumption of prejudice recognized in Cronic did not apply:
[A]s Cronic and the cases decided after it make clear, the obstacles facing defendant’s attorney in terms of inability to prepare are insufficient to warrant a presumption of prejudice and to excuse the need for an inquiry into the actual conduct of the trial. Indeed, no federal court has reversed a criminal conviction, pursuant to Cronic, based solely on the ground of inadequate attorney preparation, whether attributable to the trial court’s refusal of a continuance or not.
[Id. at 61-62, 519 A.2d 836 (footnote omitted).]
The Court further noted that “[r]eversals following Cronic have arisen only from more significant impairments of adequate representation than usually occur from lack of preparation.” Id. at 62, 519 A.2d 336. It commented that “[sjuch circumstances involve the complete denial of the right to counsel altogether, actual or constructive.” Id. at 53, 519 A.2d 336. In contrast, the Court was satisfied in Fritz “that the trial court’s denial of defendant’s motion for a continuance ... to enable defense counsel to prepare did not completely vitiate the ‘crucible of meaningful adversarial testing.’ ” Id. at 63, 519 A.2d 336 (quoting Cronic, supra, 466 U.S. at 656, 104 S.Ct. at 2045, 80 L.Ed.2d at 666). In short, when the *60 defendant had the benefit of experienced counsel, notwithstanding that counsel’s limited opportunity to prepare the defense, the Court declined to presume prejudice.
Since Fritz, this Court has presumed prejudice under Cronic in only two cases, State v. Tyler, 176 N.J. 171, 821 A.2d 1139 (2003), and State v. Cottle, 194 N.J. 449, 946 A.2d 550 (2008). In Tyler, supra, 176 N.J. at 173, 821 A.2d 1139, the Court considered the trial judge’s decision to sanction a prospective juror who had expressed bias by forcing her to sit through a day of trial as a non-deliberating juror. Reversing the defendant’s conviction and remanding for a new trial, the Court noted that ‘“[t]here are times, even in the absence of prejudice to a defendant, when it is essential to insure future observance of a prescribed practice safeguard or the vindication of a fundamental principle that courts should not hesitate to reverse.’” Id. at 182-83, 821 A.2d 1139 (quoting State v. Wagner, 180 N.J.Super. 564, 567, 435 A.2d 1190 (App.Div.1981)).
In Cottle, supra, 194 N.J. at 452, 946 A.2d 550, the Court presumed prejudice and found a per se conflict of interest when an attorney representing a juvenile in an adult criminal case was simultaneously under indictment in the same county and was being prosecuted by the same office as his client. The Court relied on State v. Bellucci, 81 N.J. 531, 543, 410 A.2d 666 (1980), in which the Court previously held that simultaneous representation of a codefendant by an attorney or a lawyer associated with that attorney amounts to a per se conflict of interest and presumed prejudice. Cottle, supra, 194 N.J. at 467, 471, 946 A.2d 550. The Court concluded that “[t]he same concerns about divided loyalties present in Bellucci” were present in the case. Id. at 471, 946 A.2d 550. It reversed the conviction and remanded for a new trial finding “[t]he undisclosed conflict ... denied the juvenile the effective representation of counsel.” Id. at 452, 946 A.2d 550.
In contrast, this Court has never presumed prejudice under Cronic in a situation analogous to this case, in which the defendant was represented by competent counsel with no conflict *61 of interest. In State v. Bey, 161 N.J. 233, 254, 736 A.2d 469 (1999), cert, denied, 530 U.S. 1245, 120 S.Ct. 2693, 147 L.Ed.2d 964 (2000) , the Court found that a defendant’s counsel had incompletely prepared the defense of a death penalty case. It rejected, however, the defendant’s argument that prejudice should be presumed, noting that “[t]he presumption of prejudice is reserved for cases involving the complete denial of the right to counsel.” Id. at 255-56, 736 A.2d 469 (citing Fritz, supra, 105 N.J. at 53, 519 A.2d 336). In another capital case, State v. Savage, 120 N.J. 594, 617, 577 A.2d 455 (1990), the Court rejected a similar claim that a showing of prejudice was unnecessary because of the deficient performance of counsel. The Court explained that “the per se analysis is reserved for those cases in which counsel’s performance is so likely to prejudice the accused that it is tantamount to a complete denial of counsel.” Id. at 616, 577 A 2d 455 (citing Cronic, supra, 466 U.S. at 659, 104 S.Ct. at 2046, 80 L.Ed.2d at 668; Strickland, supra, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696). Indeed, in State v. Dennis, 185 N.J. 300, 301-02, 885 A.2d 429 (2005), cert, denied, 547 U.S. 1045,126 S.Ct. 1629,164 L.Ed.2d 342 (2006), this Court recognized a defendant’s right to counsel at his probable cause hearing, but it declined to presume prejudice when the defendant was unrepresented by counsel at such a hearing.[6]
There is, in short, no authority in this Court for the expansion of the presumption of prejudice beyond the narrow parameters set in *62 Cronic. To secure reversal of Ms or her conviction premised upon a claim that his or her attorney was ineffective in conducting the defense, a defendant must satisfy both prongs of the Strickland/Fritz test: counsel’s deficient performance and prejudice. Strickland, supra, 466 U.S. at 687, 693, 104 S.Ct. at 2062, 2067, 80 L.Ed.2d at 690-91, 697; Fritz, supra, 105 N.J. at 60-61, 519 A.2d 336.
TV.
In this case, defendant seeks to extend the presumption of prejudice recognized by Cronic to a new setting: a trial court’s claimed deprivation of a defendant’s opportunity to develop a rapport with his counsel. The proposed expansion of the presumption of prejudice implicates federal and state authority addressing two issues: the scope of the right to counsel of one’s choice and the existence of a right to a meaningful attorney-client relationship. We consider those issues in turn.
The United States Supreme Court has recognized a defendant’s Sixth Amendment right to “a fair opportunity to secure counsel of his own choice.” Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158, 162 (1932); accord Wheat v. United States, 486 U.S. 153, 165, 108 S.Ct. 1692, 1700, 100 L.Ed.2d 140, 153 (1988) (Marshall, J., dissenting). “Deprivation of the right is ‘complete’ when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.” United States v. Gonzalez-Lopez, 548 U.S. 140, 148, 126 S.Ct. 2557, 2563, 165 L.Ed.2d 409, 419 (2006).
A defendant’s Sixth Amendment right to counsel of his or her choice, however, “does not extend to defendants who require counsel to be appointed for them.” Id. at 151, 126 S.Ct. at 2565, 165 L.Ed.2d at 421 (citing Wheat, supra, 486 U.S. at 159, 108 S.Ct. at 1697, 100 L.Ed.2d at 148-49; Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624, 109 S.Ct. 2646, 2652, 105 *63 L.Ed.2d 528, 541 (1989)). The right to counsel guaranteed by the New Jersey Constitution, N.J. Const, art. I, f 10, has never been extended beyond the federal guarantee in this regard. As the Appellate Division noted in State v. Wiggins, 291 N.J.Super. 441, 451-52, 677 A.2d 800 (App.Div.), certif. denied, 146 N.J. 568, 683 A.2d 1163 (1996):
The Sixth Amendment and our Constitution guarantee that an individual charged with a crime has the right to an attorney. Our organic law does not command, however, that he be given the attorney of his choice. Nor does it require that his legal representation be changed at his whim.
[ (citing State v. Kordower, 229 N.J.Super. 566, 576, 552 A.2d 218 (App.Div.1989)); accord State v. Harris, 384 N.J.Super. 29, 59, 894 A.2d 8 (App.Div.2006), certif. denied, 188 N.J. 357, 907 A.2d 1016 (2006).]
In the setting here, in which defendant sought and obtained assigned counsel, defendant’s right to be represented did not entail the right to a public defender of his choice.
The right to counsel afforded by the federal and state constitutions, however, does require that the attorney be “effective as well as available.” State v. Sugar, 84 N.J. 1, 17, 417 A.2d 474 (1980) (citing Cuyler v. Sullivan, 446 U.S. 335, 344-A5, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333, 343-44 (1980); Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973); McMann, supra, 397 U.S. at 771 n. 14, 90 S.Ct. at 1449 n. 14, 25 L.Ed.2d at 773 n. 14). A criminal defense attorney must not be hindered by conflicts of interest that could compromise his or her duty to a client; the “representation must be ‘untrammeled and unimpaired,’ [the lawyer’s] loyalty undivided.” Bellucci, supra, 81 N.J. at 538, 410 A.2d 666; accord Sugar, supra, 84 N.J. at 17, 417 A.2d 474; see also Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220, 230 (1981) (“Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest.”); Cuyler, supra, 446 U.S. at 349, 100 S.Ct. at 1719, 64 L.Ed.2d at 347 (“[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice.”). Further, “[i]t has been said that the right to counsel ‘would be meaningless if the defendant *64 were not able to communicate freely and fully with the attorney.’" State v. Land, 73 N.J. 24, 30, 372 A.2d 297 (1977) (quoting M. Freedman, Lawyers’ Ethics In An Adversary System 8 (1975)); see also Weatherford v. Bursey, 429 U.S. 545, 554, 97 S.Ct. 837, 843, 51 L.Ed.2d 30, 39 (1977) (noting Sixth Amendment could be violated by prosecution receipt of defense trial preparation details acquired from informant present at defendant’s meeting with counsel); United States v. Costanzo, 740 F.2d 251, 254-57 (3d Cir.1984) (applying Weatherford but finding no Sixth Amendment violation).
A criminal defendant’s constitutional guarantee of loyal counsel and open communication, however, does not equate to a guarantee of attorney-client rapport. In Morris v. Slappy, 461 U.S. 1, 5-6, 103 S.Ct. 1610, 1613, 75 L.Ed.2d 610, 616 (1983), an indigent defendant’s assigned counsel had emergency surgery, necessitating the substitution of new counsel six days before trial and prompting the defendant to move for an adjournment. Substituted counsel represented that he was prepared for trial. Id. at 6, 103 S.Ct. at 1614, 75 L.Ed.2d at 616. He did not join his client’s application for an adjournment. See ibid., 103 S.Ct. at 1614, 75 L.Ed.2d at 616. The trial judge denied the motion. Id. at 7, 103 S.Ct. at 1614, 75 L.Ed.2d at 617. The United States Court of Appeals for the Sixth Circuit reversed, holding that the trial court had “ignored respondent’s Sixth Amendment right to a ‘meaningful attorney-client relationship’ and hence violated respondent’s right to counsel.” Id. at 11, 103 S.Ct. at 1616, 75 L.Ed.2d at 619.
The United States Supreme Court reversed, holding:
The Court of Appeals’ conclusion that the Sixth Amendment right to counsel “would be without substance if it did not include the right to a meaningful attorney-client relationship’’ is without basis in the law____ No court could possibly guarantee that a defendant will develop the kind of rapport with his attorney — privately retained or provided by the public — that the Court of Appeals thought part of the Sixth Amendment guarantee of counsel. Accordingly, we reject the claim that the Sixth Amendment guarantees a “meaningful relationship” between an accused and his counsel.
[Id. at 13-14, 103 S.Ct. at 1617, 75 L.Ed.2d at 621 (footnote omitted) (quoting Slappy v. Morris, 649 F.2d 718, 720 (9th Cir.1981)).]
*65 There is, in short, no federal constitutional right to a “meaningful relationship” between a criminal defendant and his or her attorney.
Accordingly, the constitutional guarantee of effective assistance of counsel mandates competent and loyal service to the client in a setting that does “not ‘preclude the giving of effective aid in the preparation and trial of the case.’” Fritz, supra, 105 N.J. at 57, 519 Al.2d 336 (quoting Sugar, supra, 84 N.J. at 17, 417 A.2d 474). The right to effective assistance does not, however, require a court to accommodate a defendant’s preference of assigned counsel. Nor does it require an interaction between attorney and client that gives rise to a “meaningful relationship” or a partnership between attorney and client that rises to the level of a “rapport.” Morns, supra, 461 U.S. at 13-14, 103 S.Ct. at 1617, 75 L.Ed.2d at 621.
V.
These constitutional principles set the backdrop for our review of the trial court’s denial of defendant’s request for an adjournment to afford him and his counsel additional time to confer. A motion for an adjournment implicates a trial court’s authority to control its own calendar and is reviewed under a deferential standard. As the United States Supreme Court held in Morris, “broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of a justifiable request for delay’ violates the right to the assistance of counsel.” Morris, supra, 461 U.S. at 11-12, 103 S.Ct. at 1616, 75 L.Ed.2d at 620 (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931 (1964)).
This Court has not previously considered the standard that a trial judge should apply when a criminal defendant requests that a trial be adjourned so that he or she may have more time to confer with newly-assigned counsel. In the setting of a motion to withdraw a guilty plea, however, this Court recently considered the *66 ^intersection of the right to the assistance of counsel with the denial of a criminal defendant’s motion for an adjournment.” Hayes, supra, 205 N.J. at 536, 16 A.3d 1028.
In Hayes, the defendant, represented by counsel, pled guilty to robbery and eluding. Id. at 528, 16 A.3d 1028. On the day he was scheduled for sentencing, the defendant advised the court for the first time that he wanted to file a motion for leave to withdraw his guilty plea before he was sentenced. Id. at 525, 16 A.3d 1028. The defendant told the judge that he had attempted to retain a new attorney to file the motion, but one prospective counsel had a conflict of interest and another had a scheduling problem. Id. at 525-26, 16 A.3d 1028. The defendant’s prior attorney informed the court that he could not represent the defendant because he was a potential witness in the motion to withdraw the plea. Id. at 536-37, 16 A.3d 1028. The defendant requested an adjournment, which the court denied, and the defendant was compelled to proceed with his motion pro se. Id. at 537, 16 A.3d 1028.
The Court noted that “whether a trial court should grant or deny a defendant’s request for an adjournment to retain counsel requires a balancing process informed by an intensely fact-sensitive inquiry.” Id. at 538, 16 A.3d 1028. It held that when an appellate court reviews a trial court’s discretionary determination of a defendant’s motion for an adjournment, “ ‘there are two conditions which must exist to warrant’ ” reversal of the conviction. Id. at 539, 16 A.3d 1028 (quoting Smith v. Smith, 17 N.J.Super. 128, 132, 85 A.2d 523 (App.Div.1951), certif. denied, 9 N.J. 178, 87 A.2d 387 (1952)). First, “ ‘the judicial action must have been clearly unreasonable in the light of the accompanying and surrounding circumstances.’ ” Ibid. (quoting Smith, supra, 17 N.J.Super. at 133, 85 A.2d 523). Second, the ruling must have prejudiced the complaining party. Ibid. By requiring the second condition, the Court reaffirmed the necessity of a showing of prejudice, noting New Jersey law’s long recognition of “the notion that ‘[a] motion for an adjournment is addressed to the discretion of the court, and its denial will not lead to reversal unless it *67 appears from the record that the defendant suffered manifest wrong or injury.’ ” Id. at 537, 16 A.3d 1028 (alteration in original) (quoting State v. Doro, 103 N.J.L. 88, 93, 134 A. 611 (E. & A.1926)).
To guide trial courts deciding adjournment applications filed by defendants seeking additional time to retain counsel, the Court adopted a case-specific standard originally articulated by the Court of Appeals for the District of Columbia Circuit in United States v. Burton, 584 F.2d 485, 490-91 (D.C.Cir.1978), cert. denied, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979), and applied by the Appellate Division in Furguson, supra, 198 N.J.Super. at 402, 487 A.2d 730. This Court enumerated the relevant factors:
“Some of the factors to be considered in the balance include the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant’s case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular ease.”
[Hayes, supra, 205 N.J. at 538, 16 A.3d 1028 (quoting Furguson, supra 198 N.J.Super. at 402, 487 A.2d 730).]
The Court noted the need to “ ‘strike a balance between [a trial court’s] inherent and necessary right to control its own calendar and the public’s interest in the orderly administration of justice, on the one hand, and the defendant’s constitutional right to obtain counsel of his own choice, on the other.’ ” Ibid. (quoting Furguson, supra, 198 N.J.Super. at 402, 487 A.2d 730). In Hayes, given the clear prejudice to a defendant deprived of the assistance of counsel at his motion to withdraw his plea, that inquiry compelled a reversal and remand for a new hearing on defendant’s motion to withdraw his plea, at which he would be represented by counsel. Id. at 540-41, 16 A.3d 1028.
*68 Hayes involved an issue not raised by this ease: the withdrawal of conflicted counsel that left the defendant effectively “without representation, a status anathema to the fundamental constitutional notions of fairness that must guide criminal proceedings.” Id. at 540, 16 A.3d 1028. The Court’s analytical framework, however, is equally relevant to this case, in which we reconcile the trial court’s authority to control its docket with the defendant’s right to effective representation. The factors articulated in Hayes ensure a careful balancing of the competing considerations at issue in this case, and accordingly, we apply those factors here.
The first factor identified in Hayes, the length of the requested delay, is not developed in the record. In his request for an adjournment, defendant did not specify the length of the delay that he sought, and the trial court did not inquire about the length of the proposed continuance. The second Hayes factor, requests for and grants of other continuances, weighs to some degree in favor of the trial court’s denial of the adjournment requested. Although the record does not include the transcripts of all relevant hearings in this matter, it reveals that the December 10, 2007 trial date was at least the third trial date scheduled for this case, and the court’s determination was supported by that procedural history.
The third factor, the inconvenience to the litigants, witnesses, counsel and the court is not addressed with precision in the record, except in the trial court’s reference to its attempts to advance the case to trial. In the absence of evidence that either the scheduled trial date or the adjournment request caused inconvenience to the parties, witnesses or attorneys, this factor does not weigh in favor of either the grant or the denial of the motion for an adjournment. Cf. Furguson, supra, 198 N.J.Super. at 406, 487 A.2d 730 (finding inconvenience weighed against defendant).
The fourth factor, whether the requested delay is for legitimate reasons, provides some support for defendant’s position. Defendant premised his request upon a legitimate concern — the limited *69 time afforded for him to confer with counsel — and there is no evidence that his argument was mere pretext for delay. The fifth factor, whether defendant contributed to the need for a continuance, similarly weighs in defendant’s favor. There is no suggestion on the record that defendant did anything to prompt the Mercer County OPD’s substitution of his assigned attorney, and he is not responsible for any administrative errors that may have occurred in that office’s handling of his defense. See Hayes, supra, 205 N.J. at 540, 16 A.3d 1028; but see Furguson, supra, 198 N.J.Super. at 406, 487 A.2d 730.
The sixth factor, whether other competent counsel was prepared to try the case, buttresses the trial court’s decision to deny the motion to adjourn. Defendant’s new counsel, an experienced criminal defense attorney, was assigned to serve as defendant’s counsel. While counsel would have benefited from a longer preparation period, he had an adequate opportunity over four days to prepare for the trial and he told the court that he was prepared to proceed. The seventh factor, the existence and scope of prejudice, supports the trial court’s decision because there has been no showing that defendant either anticipated or suffered prejudice. Finally, the complexity of the case does not weigh in favor of either the grant or the denial of the adjournment. Notwithstanding the relative brevity of the trial and the familiarity of the issues presented to experienced counsel, the case required thoughtful preparation and planning.
Accordingly, the Hayes balancing test, applied in this case, does not decisively favor either the grant or the denial of the requested adjournment. In this setting, either decision arguably would have been a proper exercise of the trial court’s discretion. We do not find that the trial court’s denial of an adjournment prejudiced defendant or was “ ‘clearly unreasonable in the light of the accompanying and surrounding circumstances.’ ” Hayes, supra, 205 N.J. at 539, 16 A.3d 1028 (quoting Smith, supra, 17 N.J.Super. at 132-33, 85 A.2d 523).
*70 The dissent postulates a sweeping expansion of existing law.[7] The traditional benchmark for ineffective assistance of counsel cases — the United States Supreme Court’s decision in Strickland, supra, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693, and this Court’s holding in Fritz, supra, 105 N.J. at 58-61, 519 A.2d 336 — requires, without exception, the showing of prejudice that is simply absent here. As the Court noted in Fritz, “a conclusive presumption of prejudice is inappropriate except in cases exemplified by egregious shortcomings in the professional performance of counsel.” Fritz, supra, 105 N.J. at 61, 519 A.2d 336. Under Cronic, supra, 466 U.S. at 658-59, 104 S.Ct. at 2046-47, 80 L.Ed.2d at 667-68, only an extraordinary deprivation of the assistance of counsel triggers a presumption of prejudice under the federal constitutional standard. Bell v. Cone, 535 U.S. 685, 695-96, 122 S.Ct. 1843, 1850-51, 152 L.Ed.2d 914, 927-28 (2002) (recognizing Cronic’s three presumed prejudice scenarios: complete denial of counsel, failure to subject State’s case to meaningful adversarial testing and inability of any counsel to provide competent assistance under certain circumstances). If prejudice were presumed in the setting here, in which the ineffective assistance of counsel claim is premised upon the attorney’s exchange with the trial court about the timing of the trial, the Cronic rule would be extended far beyond its traditional parameters, and in contravention of our holding in Fritz. Our law clearly requires a showing of prejudice in this case, and no such showing was made.
Nevertheless, given the late reassignment of the case by the Mercer County OPD, the limited opportunity for defendant and his new counsel to confer prior to the suppression motion, and the *71 lack of an objection by the State, the trial judge would have better served the competing interests at stake with a minimal adjustment to the court schedule. Had the trial court postponed the suppression hearing for a few hours until the afternoon of December 10, 2007, for example, it would have afforded to defendant and his counsel more time to confer but still completed the hearing that day and maintained the schedule for jury selection the following morning. Such an adjustment would not have required the court to set a new trial date. We urge trial judges confronted with similar circumstances to accommodate reasonable requests for brief delays so as to permit a defendant an opportunity to confer with newly-assigned counsel.
In this case, the Appellate Division properly upheld defendant’s conviction. The trial judge’s denial of the requested adjournment was not an abuse of his broad discretion under the test of Hayes and did not violate defendant’s constitutional right to effective representation under Strickland, Cronic and Fritz.
VI.
We respectfully disagree with the dissenting Appellate Division judge that the trial court’s denial of defendant’s requested adjournment contravened principles of fundamental fairness. See Miller, supra, 420 N.J.Super. at 99-101, 18 A.3d 1054 (Fuentes, J.A.D., dissenting). The doctrine of fundamental fairness “ ‘is an integral part of due process, and is often extrapolated from or implied in other constitutional guarantees.’ ” Oberhand v. Dir., Div. of Taxation, 193 N.J. 558, 578, 940 A.2d 1202 (2008) (quoting Doe v. Poritz, 142 N.J. 1, 109, 662 A.2d 367 (1995)). “ ‘The doctrine effectuates imperatives that government minimize arbitrary action, and is often employed when narrowed constitutional standards fall short of protecting individual defendants against unjustified harassment, anxiety, or expense.’ ” Doe, supra, 142 N.J. at 109, 662 A.2d 367 (quoting State v. Yoskowitz, 116 N.J. 679, 731, 563 A.2d 1 (1989) (Handler, J., dissenting)).
“ ‘Fundamental fairness is a doctrine to be sparingly applied.’ ” Id. at 108, 662 A.2d 367 (quoting Yoskowitz, supra, 116 *72 N.J. at 712, 563 A.2d 1 (Garibaldi, J., concurring and dissenting)). The doctrine is “ ‘applied in those rare cases where not to do so will subject the defendant to oppression, harassment, or egregious deprivation.’” Ibid. (quoting Yoskowitz, supra, 116 N.J. at 712, 563 A.2d 1 (Garibaldi, J., concurring and dissenting)). “This Court has relied on the concept of fundamental fairness to require procedures to protect the rights of defendants at various stages of the criminal justice process even when such procedures were not constitutionally compelled.” Ibid.
This is not the “rare” case in which the doctrine of fundamental fairness mandates reversal of the defendant’s conviction. Defendant was not deprived of competent counsel. He had a meeting with his attorney, albeit one constrained in duration and conducted in a less than optimal location, prior to his suppression hearing. Following that hearing and before the commencement of trial the next day, defendant met in private with his counsel at the attorney’s office. The attorney claimed he was prepared and conducted a vigorous defense on defendant’s behalf, and there was no finding of prejudice. Defendant merely requested more time with his attorney to build “rapport.” There was, in short, no “oppression, harassment, or egregious deprivation” in this case. Ibid. (quoting Yoskowitz, supra, 116 N.J. at 712, 563 A.2d 1 (Garibaldi, J., concurring and dissenting)). The trial court did not violate principles of fundamental fairness when it denied defendant’s motion to adjourn the trial.
VII.
The judgment of the Appellate Division is affirmed.
Chief Justice RABNER and Justices LaVECCHIA and HOENS join in Justice PATTERSON’S opinion. Justice ALBIN filed a separate, dissenting opinion.

 The facts regarding the new attorney's involvement in this case between his assignment on December 6, 2007 and the suppression hearing were developed by the judge on remand at the evidentiary hearing that was directed by this Court following oral argument.

 The judge on remand did not determine how much time defendant's attorney spent completing his trial preparation, as this Court did not require inclusion of such information as part of its remand order.

 Defendant also filed a pro se motion for judgment of acquittal, but the record does not reveal the trial court's ruling on that motion.

 Defendant initially filed a pro se appeal, but the Appellate Division granted his motion to proceed as an indigent, and he has been represented by the Mercer County OPD in this appeal.

 Only one of the cases noted by Cronic involved the right to counsel— Flanagan v. United States, 465 U.S. 259, 262-63, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288, 293 (1984) — but that case did not ultimately decide the Sixth Amendment issue because the Court reversed for lack of jurisdiction, and thus, is not relevant here. In any event, the claim involved the denial of the right to counsel of defendant's choice, unlike the circumstances here. Ibid., 104 S.Ct. at 1053, 79 L.Ed.2d at 293.

 In an Appellate Division case decided more than thirty years before Strickland, Cronic and Fritz, a panel did not require a showing of prejudice in an ineffective assistance of counsel inquiry. Jablonowski v. State, 29 NJ.Super. 109, 112-13, 102 A.2d 56 (App.Div.1953). There, an attorney was appointed on the morning of trial to represent the defendant and his codefendant, and the trial court denied an application for an adjournment. Id. at 110-11, 102 A.2d 56. Because Jablonowski was decided long before Strickland, Cronic and Fritz, the panel did not apply the analytical framework that currently governs ineffective assistance of counsel cases. Further, Jablonowski involved considerations not at issue here because unlike defense counsel in this case, the assigned attorney in that case had no opportunity to prepare a defense for his clients prior to the day of trial. Id. at 112-13, 102 A.2d 56.

 Our dissenting colleague is undeterred by defendant's invocation of his ineffective assistance of counsel claim on direct appeal rather than in the appropriate setting for such a claim, an application for post-conviction relief. See State v. Preciose, 129 N.J. 451, 460, 609 A.2d 1280 (1992) ("Our courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial recordf,]” and "are particularly suited for post-conviction review.”); accord State v. O’Neal, 190 N.J. 601, 634, 921 A.2d 1079 (2007).