**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4211-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HANSLEE NANCE, a/k/a
LEE LEVANCE,

    Defendant-Appellant.

_____

Submitted on May 15, 2019 – Decided June 21, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 02-08-1061.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Kelsey Alina Ball, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hanslee Nance appeals from a March 31, 2017 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because defendant's petition for PCR was time-barred under Rule 3:22-12(a)(2) and procedurally barred by Rule 3:22-5.

Defendant was convicted of the 2001 murder of his girlfriend. On September 17, 2004, the court sentenced him to fifty-five years in prison, eighty-five percent of which must be served before he is eligible for parole. We affirmed on direct appeal. State v. Nance, No. A-1392-04 (App. Div. Jan. 25, 2007) (slip op. at 16). Our Supreme Court denied certification. 190 N.J. 256 (2007). We also affirmed the denial of defendant's first PCR petition. State v. Nance, A-2663-12 (App. Div. Apr. 20, 2015) (slip op. at 2).

We reviewed the facts adduced at trial in our decision on direct appeal. Nance, A-1392-04, slip op. 2-6, and need not repeat them here.

Defendant raises the following issues on appeal:

> POINT I: FAILURE OF THE PCR COURT TO GRANT THE DEFENDANT AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL, APPELLATE AND PCR COUNSEL WAS ERROR.
>
> A. LEGAL PRINCIPLES.
>
> B. FAILURE OF TRIAL, APPELLATE AND PCR COUNSEL TO CITE RELEVANT CASE LAW

REGARDING WHEN AN ADVERSARIAL PROCEEDING COMMENCES AND THE RIGHT TO COUNSEL ATTACHES.

C. FAILURE OF PRIOR COUNSEL TO ARGUE THAT THE DECISION IN EDWARDS V. ARIZONA, 451 U.S. 477 (1981) PROHIBITED THE POLICE FROM INTERROGATING MR. NANCE.

POINT II: THE DEFENDANT'S PCR CLAIMS WERE NOT BARRED BY R. 3:22-5 AND R. 3:22-12 (a)(2).

POINT III: THE DENIAL OF THE DEFENDANT'S REQUEST FOR AN ADJOURNMENT TO FILE A PRO SE SUPPLEMENTAL BRIEF WAS ERROR.

Where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determination de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). A PCR petitioner carries the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002). To sustain that burden, the petitioner must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

I.

Defendant argues that he was entitled to an evidentiary hearing regarding his argument that his trial, appellate and PCR counsel failed to cite relevant case law, including the United States Supreme Court decision of Edwards v. Arizona,

3

451 U.S. 477 (1981), when urging the suppression of the incriminating statement he gave to law enforcement when he was pending extradition in Louisiana. We rejected defendant's argument that his statement should have been suppressed on direct appeal. Nance, A-1392-04, slip op. 10-15. The record reflects trial counsel specifically referred to Edwards before the trial court.

We apply the Strickland-Fritz[1] standard to a defendant's claims of ineffective assistance by both trial and appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). Rule 3:22-6(d) imposes an independent standard of professional conduct to PCR attorneys, and thus, their performance is examined under a different standard than that of trial and appellate counsel. See State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). PCR counsel must "advance all of the legitimate arguments requested by the defendant that the record will support," R. 3:22-6(d), and "make the best available arguments in support of them." State v. Rue, 175 N.J. 1, 19 (2002).

Here, defendant's claim was thoroughly litigated prior to his second PCR petition. The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170-71 (App.

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey).

Div. 1999). Instead, Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition if he establishes a prima facie case in support of PCR. A "prima facie case" requires a defendant to "demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits," ibid., and must be supported by "specific facts and evidence supporting his allegations." State v. Porter, 216 N.J. 343, 355 (2013). "In order for a claim of ineffective assistance of counsel to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough—rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 311-12 (2014) (quoting Porter, 216 N.J. at 355). Defendant did not establish such a prima facie case.

II.

"[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 (1992). "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from

5

such proceedings." R. 3:22-5. PCR proceedings are not an opportunity to re-litigate claims already decided on the merits in prior proceedings. State v. McQuaid, 147 N.J. 464, 483 (1997); R. 3:22-5. Thus Rule 3:22-5 precludes our consideration of defendant's arguments.

He is also precluded by Rule 3:22-12(a)(2), which imposes a strict time limitation on the filing of a second PCR petition, requiring a defendant to file within one year of:

> (C) [T]he date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The Supreme Court consciously "amended Rule 1:3-4, Rule 3:22-4(b), and Rule 3:22-12 to preclude enlargement or relaxation" of those rules in 2009 and 2010. Jackson, 454 N.J. Super. at 287.

Defendant failed to comply with the time limitation under Rule 3:22-12(a)(2). Defendant's first PCR petition was denied in 2012. This second petition was filed on August 7, 2015, three years after his first petition was denied. His petition is thus time-barred pursuant to Rule 3:22-12.

## III.

Finally, defendant argues the PCR judge erred by denying his request for an adjournment to file a supplemental pro se brief. A trial court's denial of an adjournment request is reviewed under a deferential standard for abuse of discretion. State v. Miller, 216 N.J. 40, 65 (2013). "A motion for an adjournment implicates a trial court's authority to control its own calendar," and courts have broad discretion on such matters. Ibid. The denial of an adjournment request "will not lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (quoting State v. Doro, 103 N.J.L. 88, 93 (1926)).

Here, the Office of the Public Defender was assigned to represent defendant on his PCR petition in August 2015. In March 2017 defendant sought an adjournment to prepare a supplemental pro se brief, claiming his papers had been destroyed in the jail. It was within the court's discretion to deny an adjournment, given the passage of time and defendant's representation by counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4211-17T3