**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2378-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEVEN B. TRAINER, a/k/a
STEVE JOHNSON, STEVEN
JOHNSON, STEVEN B. JOHNSON,
STEVEN TRAINOR, STEVEN B. TRAINOR,
BRUCE TURNER, BRUCE S. TURNER,
STEVEN GRAINOR, GREG TRAINER,
GREGORY TRAINER, GREGORY
ARTHUR TRAINER, STEPHEN
TRAINER, STEVEN TRAINERS,
and BOB TURNER,

    Defendant-Appellant.

_____

Submitted October 17, 2017 — Decided November 13, 2017

Before Judges Reisner and Gilson.

On appeal from Superior Court, Law Division, Passaic County, Indictment No. 13-05-0504.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Tom Dominic Osadnik, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to dismiss the indictment, defendant Steven B. Trainer pled guilty to second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:15-1(a)(1). Pursuant to the plea agreement, he was sentenced in the third-degree range, to three years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. That sentence was imposed concurrent to an aggregate nine-year sentence he was currently serving. Defendant also received 774 days of jail credit and 1036 days of gap time, which would subsume virtually the entire three-year term.

Defendant now appeals from the judgment of conviction, and from the September 25, 2014 order denying his motion to dismiss the indictment. He raises the following arguments:

> POINT ONE: THE FAILURE OF THE TRIAL COURT TO ORDER THE OFFICE OF THE PUBLIC DEFENDER TO ASSIGN COUNSEL TO CONFER WITH DEFENDANT ON WHETHER IT WAS IN HIS BEST INTEREST TO FILE A MOTION TO WITHDRAW HIS GUILTY PLEA, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT TWO: THE LAW DIVISION ERRED WHEN IT DENIED DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BECAUSE THE STATE MISLED THE GRAND JURY BY PRESENTING TESTIMONY THAT ERRONEOUSLY

CLAIMED DEFENDANT CONFESSED TO THE CHARGE IN
THE INDICTMENT.

Finding no merit in either argument, we affirm.

We begin by addressing defendant's motion to dismiss the indictment, based on his assertion that the testifying police officer misled the grand jury. A trial judge should not dismiss an indictment except "on the 'clearest and plainest ground.'" State v. Hogan, 144 N.J. 216, 228 (1996) (citation omitted). We review the trial judge's decision for abuse of discretion. Id. at 229. We affirm on this point substantially for the reasons stated by Judge Donna Gallucio in her comprehensive written opinion accompanying the September 25, 2014 order. We add these brief comments.

Defendant was accused of driving a blue Hyundai Santa Fe through the parking lot of a Target store, reaching his arm out the window, and grabbing a purse off the shoulder of a woman who was walking through the lot. The victim described the attack, in which she fell to the ground and was injured. The incident was also recorded by a store security camera. The video depicted a distinctive-looking blue Hyundai Santa Fe with gray trim, a white sticker in the window, and a large dent in the driver's side fender. The police eventually determined that defendant had probably been the driver. The arresting officer first observed

defendant driving a Hyundai that matched the car in the video, and then arrested defendant as he was about to enter the Hyundai on a second occasion.  Defendant waived his Miranda[1] rights and gave the police a statement.

Responding to leading questions from the prosecutor, the arresting officer confirmed to the grand jury that defendant "indicated that he was the operator of the Hyundai Santa Fe in question."  In response to the next question, the officer agreed with the prosecutor that defendant "could not recall the details of . . . being in the . . . Target parking lot on that day in question."  In his suppression motion, defendant argued that the officer's testimony was misleading because it would have led the jury to believe that defendant admitted driving the Hyundai in the Target parking lot on the day of the robbery, when in fact he did not make that admission.

In his statement to the police, defendant admitted, in general, that he was the driver of the Hyundai, a vehicle he was buying from a friend.  He also stated that he could not recall what occurred in the Target parking lot.  However, he inferentially admitted the robbery, telling the police that he did not mean to hurt anyone: "All I'm thinking is that look, it was just safe.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Nobody gets hurt."  We agree with Judge Gallucio's conclusions that: there was sufficient evidence to support the indictment, each separate statement to which the officer testified was accurate, and any ambiguity in the officer's testimony did not "affect[] the grand jurors' ability to make an informed decision whether to indict."  State v. Hogan, 144 N.J. 216, 229-30 (1996). Accordingly, we find no abuse of Judge Gallucio's discretion in denying the motion to dismiss the indictment.  See id. at 229.

Defendant's argument concerning the appointment of a second attorney is without merit and warrants no discussion beyond the following comments.  R. 2:11-3(e)(2).  Defendant pled guilty, after many hours of consultation with his assigned Office of the Public Defender (OPD) attorney.  Defendant later asked the OPD to assign another attorney to advise him as to whether he should file a motion to withdraw his guilty plea.  Defendant claimed that he had done his own legal research, which caused him to question some of the advice his attorney had given him.

The OPD declined to appoint a second attorney to advise defendant, but his assigned attorney indicated that if defendant decided to withdraw his guilty plea, the OPD would assign a replacement attorney to file the motion for him.  The sentencing judge adjourned the sentencing for a month to give defendant more time to decide whether he wanted to withdraw his guilty plea.  When

defendant had not yet made up his mind at the next scheduled hearing, the judge proceeded with the sentencing.

In State v. Hayes, 205 N.J. 522 (2011), the Court held that the defendant was entitled to an adjournment in order to have his newly-retained attorney represent him in arguing a motion to withdraw a guilty plea. Id. at 541-42. Hayes is not on point here, because defendant never sought more than a second opinion on whether to file such a motion. The OPD is not required to replace a defendant's assigned attorney merely because the defendant is dissatisfied with that attorney or would prefer a different attorney. See State v. Miller, 216 N.J. 40, 62-65 (2013); State v. Williams, 404 N.J. Super. 147, 170 (App. Div. 2008), certif. denied, 201 N.J. 440 (2010). Likewise, the OPD is not required to appoint an attorney to provide a second opinion concerning advice given by defendant's assigned OPD counsel. The OPD's refusal to assign a second attorney in this case did not deprive defendant of his right to counsel.

We decline to address defendant's claim of ineffective assistance of counsel, insofar as it may be directed at the representation provided by his assigned OPD attorney. We affirm, without prejudice to his right to file a petition for post-conviction relief on that issue. See State v. Preciose, 129 N.J. 451, 460 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION