**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0141-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ADRIANE D. WILLIAMS,

      Defendant-Appellant.

_____

Submitted February 26, 2019 – Decided July 18, 2019

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Accusation No. 15-03-0358.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the briefs).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Adriane Williams appeals from the Law Division's July 20, 2017 denial of her motion to vacate her conviction and to allow her to withdraw her 2015 guilty plea to one count of third-degree conspiracy to commit theft, N.J.S.A. 2C:5-2(a)(1), N.J.S.A 2C:20-3(a). The charge arose from her involvement as a driver during her and her co-defendants' participation in a home invasion and assault. After defendant pled guilty, one of the victims refused to cooperate with authorities and the charges against the co-defendants were dismissed. Defendant later filed a motion to withdraw her plea, arguing that her plea counsel had a conflict of interest in violation of the Rules of Professional Conduct (RPC) when she pled guilty because he had represented the uncooperative victim in 2006. Judge Terrence R. Cook denied the motion, finding that defendant failed to meet the requirements set forth in State v. Slater, 198 N.J. 145 (2009) after concluding that her plea counsel was not in violation of RPC 1.7 or RPC 1.9.

On appeal, defendant argues that the judge erred in denying her relief because her plea counsel's conflict interfered with her Sixth Amendment right to representation. We disagree and affirm substantially for the reasons expressed by Judge Cook in his oral decision, as there was no evidence that there was a significant risk that plea counsel was materially limited in his

representation of defendant nine years after representing the victim in this case in an unrelated matter and, as the judge found, defendant failed to satisfy the requirements under Slater.

We need not recount the details of defendant's role in the commission of the offense to which she pled guilty. Suffice it to say, she was originally charged with one count of kidnapping, N.J.S.A. 2C:13-1(b)(2); one count of aggravated assault, N.J.S.A. 2C:12-1(b)(1); one count of robbery, N.J.S.A. 2C:15-1(a)(1); one count of armed burglary, N.J.S.A. 2C:18-2(b)(2); and one count of unlawful possession of a weapon, N.J.S.A. 2C:39-3(b).

On March 13, 2015, while represented by Michael Riley, Esq., defendant pled guilty pursuant to an "open plea" to an accusation that charged her with only third-degree conspiracy to commit theft, N.J.S.A. 2C:5-2(a)(1), N.J.S.A 2C:20-3(a). Although designated as an "open plea" because he did not recommend a specific sentence, the prosecutor recommended that acceptance of defendant's plea be conditioned upon her waiving her right to appeal and "provid[ing] truthful testimony against [her] co-defendants . . . ."

At the plea hearing, defendant testified that she understood the plea and was satisfied with Riley's services. She also understood that it was ultimately the judge's decision as to what the punishment should be at the time of

A-0141-17T4

sentencing, given the open nature of the plea. Defendant also testified that she spoke to Riley about the case and was aware of the rights she was waiving. After defendant gave a factual basis for the crime to which she was pleading guilty, the judge accepted her plea. Defendant's sentencing was delayed pending the trial of her co-defendants.

Almost two years later, on January 11, 2017, Riley filed a motion on defendant's behalf to withdraw her guilty plea based upon the fact that the case against the co-defendants had been dismissed on September 27, 2016 because one of the victims would not cooperate with law enforcement. While that motion was pending, defendant learned that Riley had represented the uncooperative victim or his father years earlier. According to defendant, when she confronted Riley, he confirmed the prior representation. She believed that once he learned who the victim was, he should not have taken the case. As a result, prior to her motion's return date, she fired Riley.

On March 17, 2017, defendant sent an email to Assistant Deputy Public Defender, Philip G. Pagano.[1] Citing to RPC 1.7, defendant stated that Riley had an obligation to inform her and her family of any conflict and failed to do so.

---

[1] Evidently, Pagano was originally assigned to represent defendant before Riley was hired.

A-0141-17T4

She requested that Pagano file a motion to withdraw her guilty plea based upon the conflict of interest that existed at the time of her plea. Defendant also stated that she was not interested in "pursuing [Riley's] effort[s]" if he filed a motion for her. Riley later signed a substitution of attorney in favor of Pagano that Pagano signed and filed on April 7, 2017.

On the same day, defendant, Riley, Pagano, and the prosecutor appeared before the motion judge for oral argument and sentencing. After Pagano informed the judge that defendant terminated Riley based on the alleged conflict and that she would not have pled guilty had she known of the conflict, the judge denied the pending motion, finding it inappropriate to consider it since Riley had been fired. The judge suggested that defendant and Pagano discuss the situation further and that she could re-file the motion at a later point.

Five days later, defendant refiled her motion, this time relying on Riley's alleged conflict. The motion was only supported by Pagano's certification that attached a copy of defendant's March 17, 2017 email to him. In the email, defendant never asserted her innocence or contradicted any of the statements she made at her plea hearing in 2015. She only raised issues about Riley's alleged conflict.

On July 14, 2017, the parties once again appeared before the motion judge for oral argument on defendant's motion.[2] After counsel presented their arguments, defendant spoke on her own behalf and stated that if she knew Riley represented the victim, she "would have thought twice." She did not feel Riley fought for her and thought her plea was illegal.

Judge Cook denied defendant's motion that day, placing his reasons on the record. At the outset, the judge explained that Rule 3:9-3(e) governs motions to withdraw guilty pleas prior to sentencing and Slater requires a four-prong test to analyze such motions by examining "whether the defendant has asserted a colorable claim of innocence, the nature and strength of defendant's reasons for withdrawal, the existence of a plea bargain[,] and whether withdrawal would result in unfair prejudice to the state or [an] unfair advantage to the defendant."

The judge then reviewed the colloquy in which he engaged with defendant during her 2015 plea hearing and confirmed that she testified that she was satisfied with counsel, understood the rights she was waiving, admitted to being

_____

[2] At the hearing, the prosecutor reiterated an earlier offer he made to downgrade the charge against defendant to a disorderly persons offense and recommend a sentence of time served. Despite Pagano and the judge's explanations that the offer would result in a favorable outcome, and the judge giving her time to think about the offer and consult with Pagano, defendant rejected the offer and wanted to proceed with the motion.

A-0141-17T4

guilty of the crime, and that she was not forced into entering into her plea. The judge found that defendant failed to meet the Slater standards because she did not assert a colorable claim of innocence and that, with regard to the nature and strength of her reasons to withdraw, Riley's representation of the victim nine years prior did not support her position.

According to the judge, at the time Riley appeared as plea counsel, there was no concurrent conflict of interest under RPC 1.7. Specifically, he explained that

> [a] concurrent conflict of interest exists if, (1) the representation of one client will be directly adverse to another client, or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by personal interest of the lawyer.

He did not find that RPC 1.7 was implicated because Riley's former client had no personal interest in defendant's case and had not been represented by Riley for the past nine years before defendant entered into her plea. The judge also examined RPC 1.9, concerning an attorney's duties to former clients. He observed that there was no conflict as Riley's representation of the victim was not substantially related to defendant's case. The judge stated the following:

> A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or

7

substantially related matter in which that client's interest[s] are materially adverse to the interest of the former client unless the former client gives informed consent confirmed in writing. So the conflict or the duty would be owed to the former client and there's no indication here that that former [client's] interests were even invoked in this proceeding. They're not substantially related, the former matter and the current matter, so I don't find [RPC] 1.9 to be a sufficient basis under the second factor of <u>Slater</u> as well.

The judge then considered the remaining <u>Slater</u> factors. He stated that although defendant's plea was the result of a plea bargain, he "put little weight on that. . . .[and found] that the withdrawal of the plea would result in unfair prejudice to the State and unfair advantage to . . . defendant."

After denying her motion, the judge sentenced defendant. He imposed a one-year period of probation with time served, required her to pay $155 in penalties and assessments, and granted her request to have her probation supervision transferred to New York. The judge stated that probation was to be terminated whenever defendant paid the $155. On July 19, 2017, the judge entered defendant's judgment of conviction. This appeal followed.

On appeal, defendant specifically argues the following:

POINT I

THE COURT BELOW ERRED IN DENYING [DEFENDANT'S] MOTION TO VACATE HER GUILTY PLEA BECAUSE SHE WAS DENIED HER

8

SIXTH AMENDMENT RIGHT TO REPRESENTATION BY UNCONFLICTED COUNSEL AND TO AN ATTORNEY OF HER CHOOSING. U.S. CONST. AMEND. VI; N.J. CONST. ART. I, PAR. 10.

A. THE COURT ERRED IN FINDING THAT R.P.C. 1.7 AND R.P.C. 1.9 WERE NOT IMPLICATED BY MR.RILEY'S REPRESENTATION OF [DEFENDANT] AND HIS PRIOR REPRESENTATION OF THE VICTIM IN THIS CASE. MR. RILEY'S FAILURE TO DISCLOSE HIS PRIOR REPRESENTATION OF THE VICTIM DENIED [DEFENDANT] THE ATTORNEY OF HER CHOICE AND, BECAUSE THE DENIAL CONSTITUTES STRUCTURAL ERROR, HER GUILTY PLEA MUST BE VACATED.

B. THE COURT'S INDEPENDENT INTEREST IN ENSURING THAT CRIMINAL CASES ARE CONDUCTED ETHICALLY AND THAT LEGAL PROCEEDINGS SEEM FAIR TO ALL THAT OBSERVE THEM, REQUIRES THAT [DEFENDANT'S] GUILTY PLEA BE VACATED AND THAT SHE BE REPRESENTED BY AN ATTORNEY WHO HAS NOT PREVIOUSLY REPRESENTED THE VICTIM IN THIS CASE.

We review a court's decision on motions to withdraw a guilty plea for an abuse of discretion. See State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div. 2014). The "'denial of defendant's request to withdraw his [or her] guilty plea will be reversed on appeal only if . . . the lower court's decision [was] clearly

9

erroneous.'" State v. Lipa, 219 N.J. 323, 332 (2014) (quoting State v. Simon, 161 N.J. 416, 444 (1999)). "A denial of a motion to vacate a plea is 'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrants a grant of that relief." O'Donnell, 435 N.J. Super. at 372 (quoting State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009)).

Slater sets forth the applicable legal standards. Under Slater, a court must consider the following when deciding on a defendant's motion to withdraw his or her plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58.

In all plea withdrawal cases, whether evaluated under the "interests of justice" standard of Rule 3:9-3(e) for pre-sentencing motions, or the "correct a manifest injustice" standard of Rule 3:21-1, "the burden rests on the defendant, in the first instance, to present some plausible basis for his [or her] request, and his [or her] good faith in asserting a defense on the merits." Slater, 198 N.J. at 156 (quoting State v. Smullen, 118 N.J. 408, 416 (1990)). "Generally,

representations made by a defendant at plea hearings concerning the voluntariness of the decision to plead, as well as any findings made by the trial court when accepting the plea, constitute a 'formidable barrier' which defendant must overcome before he will be allowed to withdraw his plea." Simon, 161 N.J. at 444 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). "A court should evaluate the validity of the reasons given for a plea withdrawal with realism, understanding that some defendants will be attempting to game the system . . . ." State v. Munroe, 210 N.J. 429, 443 (2012).

Among defendant's contentions here, she argues that Riley's conflict interfered with his representing her and counseling her to accept the plea. She contends that she was less involved in the charged offenses than her co-defendants, yet she was the only one to have a criminal conviction entered against her. She argues that "[t]here is no way of knowing" whether Riley persuaded her to enter into a guilty plea in order to avoid trial where he could have been forced to cross-examine his former client. Because she lost her job with a police department, she asserts that she might have preferred to remain in jail awaiting trial rather than accept a plea and lose her job. We find her contentions speculative at best and observe that they do not include any

colorable claims of innocence. Moreover, we conclude, as did the motion judge, no conflict existed that would support the withdrawal of defendant's guilty plea.

At the outset, we acknowledge a criminal defendant's right to counsel of his or her own choosing, free of any conflicts that would materially interfere with counsel's representation of a defendant. See N.J. Div. of Child Prot. & Permanency v. G.S., 447 N.J. Super. 539, 556 (App. Div. 2016) (observing that a defense attorney's representation must be "untrammeled and unimpaired"); see also State v. Kates, 426 N.J. Super. 32, 43 (App. Div. 2012) ("the Sixth Amendment 'commands . . . that the accused be defended by the counsel he believes to be best'" (citation omitted)).

The Court's RPCs govern an attorney's simultaneous or consecutive representation of clients. "RPC 1.7(a) proscribes the simultaneous representation of clients, if the representation would be directly adverse to another client . . . ." State v. Hudson, 443 N.J. Super. 276, 289 (App. Div. 2015). Under RPC 1.7, "one lawyer cannot represent multiple clients at the same time with 'directly' conflicting interests or interests that 'materially limit' the lawyer's advocacy." G.S., 447 N.J. Super. at 565. The Rule prohibits an attorney from representing a client if it would "involve[] a concurrent conflict

of interest." RPC 1.7(a). It defines "concurrent conflict" and then sets forth the

situations in which concurrent representation is allowed.

A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved;

(2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(3) the representation is not prohibited by law; and

(4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

13

[RPC 1.7.]

RPC 1.9 addresses successive representation that gives rise to a conflict, explains when successive representation is permissible, and describes the prohibitions counsel must adhere to if successive representation occurs. Under RPC 1.9, lawyers cannot represent clients in succession where the succeeding representation would violate a duty owed to the former client or hamper the attorney's ability to represent the new client. The "[e]thical responsibilities stemming from the representation of a former client in the course of representing a current client [are] governed by RPC 1.9[(c)]." Hudson, 443 N.J. Super. at 289.

> The Rule states in pertinent part the following:
>
> (a) A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.
>
> (1) whose interests are materially adverse to that person; and

14

(2) about whom the lawyer, while at the former firm, had personally acquired information protected by RPC 1.6 and RPC 1.9(c) that is material to the matter unless the former client gives informed consent, confirmed in writing.

Notwithstanding the other provisions of this paragraph, neither consent shall be sought from the client nor screening pursuant to RPC 1.10 permitted in any matter in which the attorney had sole or primary responsibility for the matter in the previous firm.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

[RPC 1.9.]

An attorney's adherence to the Rule's "ethical responsibilities" cannot impair his or her ability to represent a new client. "A criminal defense attorney must not be hindered by conflicts of interest that could compromise his or her duty to a client . . . ." State v. Miller, 216 N.J. 40, 63 (2013). However, "[p]rior representation, in and of itself, is not sufficient to justify disqualification." Hudson, 443 N.J. Super. at 291. As such, "[c]onflicts must be actual and not

15

merely appearance based." Id. at 292 (emphasis added). See also In re Supreme Court Advisory Comm. on Prof'l Ethics Op. No. 697, 188 N.J. 549, 562-63 (2006) (discussing the 2004 amendments to the RPCs and explaining that the appearance of impropriety is no longer considered when determining if a conflict of interest exists).

Where a claim of a conflict is made, the burden is on the party asserting the conflict to come forward with evidence of an actual, material conflict.

> The absence of factual underpinnings describing the prior representation makes it impossible to determine whether [an attorney's] role created "a significant risk" that his representation of defendant "will be materially limited" due to responsibilities owed to [the former client, such as] . . . whether [the attorney] obtained knowledge from [the former client] which might aid defendant that he would be prohibited from utilizing. RPC 1.9(c)(1). The assumption [the attorney's] prior representation would limit cross-examination because of ethical proscriptions against "reveal[ing] information relating to the representation" or the "use [of] information relating to the representation to the disadvantage of the former client" are unfounded. RPC 1.9. The prior relationship may well have revealed no relevant information with the potential to undermine [the former client's] testimony.
>
> [Hudson, 443 N.J. Super. at 291 (sixth and seventh alterations in original).]

Applying these guiding principles here, we conclude that Judge Cook correctly determined there was no evidence in this case of any actual material

conflict between Riley's prior representation of the uncooperative victim and his acting as defendant's counsel in this case. We also conclude that defendant failed to satisfy the <u>Slater</u> factors, substantially for the reasons expressed by the judge in his oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-0141-17T4