**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3470-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NAEEM LIVINGSTON,

     Defendant-Appellant.

_____

> Submitted February 12, 2020 – Decided February 27, 2020
>
> Before Judges Fuentes, Haas and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0456.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Following a trial, a jury convicted defendant of second-degree eluding, N.J.S.A. 2C:29-2(b); second-degree aggravated assault while eluding, N.J.S.A. 2C:12-1(b)(6); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and criminal mischief, N.J.S.A. 2C:17-3(a)(1), a disorderly persons offense. After granting the State's motion to impose an extended term, the trial judge sentenced defendant to an aggregate term of fourteen years in prison, subject to the eighty-five percent parole ineligibility provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2. This appeal followed.

On appeal, defendant's appellate counsel raises the following contentions on his behalf:

> POINT I
>
> THE TRIAL COURT ERRED WHEN IT PERMITTED A STATE'S WITNESS TO TESTIFY THAT DEFENDANT WAS IN THE DNA CODIS DATABASE AND THEN FAILED TO SUA SPONTE PROVIDE A CURATIVE INSTRUCTION TO THE JURY.
>
> POINT II
>
> THE TRIAL [COURT] ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS HIS ALLEGED STATEMENTS MADE TO [E.D.][1]

---

[1] We use initials to protect the privacy of the witnesses involved in this matter.

A-3470-17T1

POINT III

THE TRIAL COURT ERRED WHEN IT DENIED
DEFENDANT'S MOTION FOR A CONTINUANCE
TO ALLOW HIM TO PRESENT CERTAIN
DEFENSE WITNESSES.

POINT IV

THE TRIAL COURT ERRED WHEN IT DENIED
DEFENDANT'S MOTION TO ENTER A JUDGMENT
OF ACQUITTAL NOTWITHSTANDING THE
VERDICT ON COUNT TEN.

POINT V

THE TRIAL COURT'S CUMULATIVE ERRORS
DENIED DEFENDANT A FAIR AND RELIABLE
TRIAL.

POINT VI

DEFENDANT'S SENTENCE IS MANIFESTLY
EXCESSIVE AND UNFAIR.

In addition, defendant presents the following issues in his pro se

supplemental brief:

POINT I

DEFENDANT'S GUARANTEED UNITED STATES
CONSTITUTIONAL RIGHTS TO
CONFRONTATION, TO DUE PROCESS AND A
FAIR TRIAL WERE VIOLATED BY THE
ADMISSION INTO EVIDENCE OF HEARSAY
STATEMENTS MADE BY SOME OF THE STATE'S
KEY WITNESSES AT TRIAL AND FURTHER

3

FAILING TO ISSUE PROPER CAUTIONARY AND LIMITING INSTRUCTIONS REGARDING SUCH TESTIMONY.

    1. [D.D.] and [E.D.]

    2. [J.S.], and [V.C.]

POINT II

THE TRIAL COURT ERRONEOUSLY FAILED TO SANITIZE EXTRANEOUS INFLAMMATORY DETAILS OF OTHER-CRIME EVIDENCE.

POINT III

THE TRIAL COURT ERRONEOUSLY PERMITTED PREJUDICIAL TESTIMONY BY A PROSECUTION KEY WITNESS WHO RELATED TO THE JURY THAT THERE WAS NO INSURANCE COVERAGE FOR SIGNIFICANT DAMAGES TO A VEHICLE, IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

POINT IV

THE TRIAL COURT ERRONEOUSLY LIMITED THE EXAMINATION OF TWO WITNESSES DEFENSE COUNSEL SOUGHT TO RECALL, IN VIOLATION OF DEFENDANT'S RIGHTS TO THE COMPULSORY PROCESS, CONFRONTATION, DUE PROCESS AND A FAIR TRIAL.

POINT V

THE TRIAL COURT'S ERRONEOUS CHARGE TO THE JURY FAILED TO INCLUDE REQUIRED LIMITING INSTRUCTIONS VIOLATING

4

DEFENDANT'S RIGHT TO DUE PROCESS AND A
FAIR TRIAL.

      1. Other-crimes, wrongs, or act [sic]

      2. Insurance Liability

After reviewing the record in light of these contentions, we affirm.

I.

The parties are fully familiar with the evidence presented at trial. Therefore, we need only recite the most salient facts related to the issues raised on appeal.

While driving a gray Dodge Charger through the streets of Newark on September 15, 2015, defendant engaged in a running gun battle with the driver of another car. A witness called the police and, after an officer located the Charger, defendant ignored the officer's signals to stop. Defendant eventually crashed the Charger into a garbage truck, and a school bus full of children and several adults. The driver of the truck suffered whiplash. The officer stopped to help the children, and observed defendant fleeing the scene.

The police identified defendant as the driver of the Charger by running the license plate number and discovering that defendant had recently received a traffic ticket while driving the car. The officer who pursued defendant was also able to identify defendant as the driver of the Charger, and defendant's DNA

5

was found on the discharged air bag of the car. In addition, defendant's friend, E.D., testified that defendant persuaded her to rent the Charger for him, and then to report it as stolen following the crash. E.D. refused to do so.

## II.

We begin by addressing the arguments raised by defendant in the brief submitted by his appellate counsel. In Point I, defendant asserts that the trial judge erred by failing to give the jury a curative instruction after a detective briefly mentioned during direct examination that he obtained a "CODIS[2] hit" concerning defendant during his investigation. Defendant contends that this fleeting reference could have caused the jury to "speculate whether defendant's prior criminal history explained the reason his DNA was in a database maintained by the FBI." This argument lacks merit.

Immediately after the detective made this statement, the judge conducted a sidebar conference and instructed the prosecutor to move on to another topic because any discussion regarding DNA would "need a limiting instruction" to explain "why there was a comparison made," and "[w]hat led to the comparison," and the judge would need time to draft it. Significantly, the detective did not

---

[2] "CODIS" is an acronym for the "Combined DNA Index System" maintained by the FBI.

explain what the term CODIS meant, and there was no mention that defendant's DNA was in a database or that he had a criminal record. In addition, the State never referenced CODIS again during the five-day trial, and instead called a forensic DNA expert a few days later to discuss the DNA found on the airbag of the car. Because defendant has failed to demonstrate he was prejudiced by the mere passing mention of this unexplained term, we reject his contention on this point.

III.

In Point II, defendant argues that E.D.'s testimony should have been suppressed because he was unfairly surprised when the State called her as a witness. We disagree.

The State identified E.D. as a witness <u>three months</u> before the trial, and gave defendant's attorney a memorandum summarizing the police interview with her. Because defendant had three months to prepare for E.D.'s appearance at trial, the judge properly denied defendant's motion to exclude her testimony on the grounds of "unfair surprise."

Defendant also argues that the prejudicial effect of E.D.'s statements outweighed their probative value and improperly indicated he had committed prior bad acts in violation of N.J.R.E. 404(b). Again, we disagree. E.D. was a

7

fact witness, who testified she rented the Charger for defendant and he later asked her to report it as stolen. Her testimony did not suggest a prior bad act by defendant and, therefore, the factors enumerated in State v. Cofield, 127 N.J. 328 (1991) were simply not applicable.

IV.

At the end of the State's case, defendant's attorney stated she wished to subpoena D.W., a witness who had testified before the grand jury. D.W. testified she was a passenger in the bus and believed that the man who struck them was "dazed and confused." Because the attorney did not know D.W.'s whereabouts, the judge ordered that D.W.'s grand jury testimony be read to the jury, and denied defendant's adjournment request.

The attorney also asked for an adjournment because she wanted to subpoena two detectives who had previously testified for the State. The judge denied this request because the attorney had the opportunity to cross-examine both witnesses, and had ample time to subpoena them prior to the trial.

In Point III of his brief, defendant argues that the judge should have granted his attorney's requests for an adjournment. We review a trial court's grant or denial of an adjournment under an abuse of discretion standard. State v. Miller, 216 N.J. 40, 47 (2013). The denial of an adjournment request "will

8

not lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (quoting State v. Doro, 103 N.J.L. 88, 93 (1926)).

Applying this standard, we discern no basis for disturbing the trial judge's denial of an adjournment. D.W.'s grand jury testimony was presented to the jury after it became clear no one knew where she could be located. In addition, defendant had the opportunity to fully question both detectives when they testified. Therefore, the judge properly denied defendant's adjournment requests.

## V.

In Point IV, defendant argues that the judge erred by denying his motion for a judgment of acquittal on the aggravated assault charge because there was insufficient evidence in the record to demonstrate that the truck driver sustained a bodily injury after defendant crashed into the truck. However, defendant did not move for a judgment of acquittal on this, or any other, basis at the end of the State's case under Rule 3:18-1, or after the jury returned its verdict pursuant to Rule 3:18-2. Therefore, defendant may not raise this issue on direct appeal, and this omission by defense counsel does not fall under the purview of plain error under Rule 2:10-2 because it is not of "such a nature as to have been clearly

9

capable of producing an unjust result." Therefore, we reject defendant's contention on this point.

## VI.

In Point V, defendant argues that the cumulative prejudice of the errors he raises deprived him of a fair trial. Having rejected defendant's argument that any error occurred during the trial, we also reject his cumulative error argument.

## VII.

Defendant argues in Point VI that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code, including the imposition of an extended term sentence. Accordingly, we discern no basis to second-guess the sentence.

## VIII.

Finally, we have considered the arguments raised in defendant's supplemental brief, and conclude they are clearly without merit and do not warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION