**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2032-21

MISTY ELGERSMA and
ANDREW R. ELGERSMA,

      Plaintiffs-Respondents,

v.

COLTON C. CUNNINGHAM,

      Defendant-Respondent,

and

KALI EFAW,

      Defendant-Appellant.

_____

        Submitted September 12, 2022 – Decided September 29, 2022

        Before Judges Currier and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FD-05-0032-21.

        Burnham Douglas, attorneys for appellant (Philip S. Burnham, II, on the brief).

Respondents have not filed briefs.

PER CURIAM

Defendant Kali Efaw appeals from the January 25, 2022 order denying her motion for reconsideration of the prior order granting Colton Cunningham sole custody of the parties' daughter without establishing a parenting schedule for Efaw and granting Cunningham's application for relocation to Colorado. Because the court mistakenly exercised its discretion in denying Efaw's adjournment request, and erred in not setting any parenting time for Efaw and in granting Cunningham's application for relocation without permitting oral argument or conducting a plenary hearing, we vacate and remand for further proceedings.

The parties' child was born in 2016 while they were living together in Florida. In 2018, Cunningham permitted Efaw to move with the child to New Jersey. Shortly thereafter, the Division of Child Protection and Permanency became involved with Efaw, and Cunningham picked up the child and brought her to Florida to live with him. Efaw later was treated in a rehabilitation facility in Florida. When she was released, Cunningham permitted her to visit with the child at his apartment.

A-2032-21

In July 2019, the parties entered into a consent order in New Jersey Superior Court regarding the custody and parenting time of their child. Efaw was designated as the parent of primary residence. Cunningham agreed to return the child to New Jersey.

When Efaw and her boyfriend traveled to Florida in the summer of 2020 to drop off the child for Cunningham's summer parenting time, Cunningham immediately noticed they were "high." Cunningham contacted Efaw's mother and stepfather, plaintiffs Misty and Andrew Elgersma, who resided in New Jersey, expressing his concerns. In August, Misty[1] applied for an order to show cause, seeking custody of the child upon her return to New Jersey. Cunningham consented to the change in custody.

On August 20, 2020, the court granted the Elgersmas temporary physical custody. Efaw was accorded visitation with the child under the supervision of the Elgersmas.

In June 2021, Efaw moved for custody of the child. Cunningham arrived in New Jersey the following month to pick up the child for his summer parenting time and brought her to Colorado, where he had recently moved.

---

[1] Because plaintiffs share the same surname, we refer to Misty by her first name.

A-2032-21

A different Family Part judge presided over a custody hearing in August 2021. Efaw was ordered to produce records from her doctors and therapists detailing her diagnoses, progress, and prognosis. She did not do so. In between hearing dates, Cunningham moved to modify the custody order and to be designated the parent of primary residence.

When the custody hearing continued on October 19, 2021, the judge took very brief testimony from Efaw and the Elgersmas. The Elgersmas supported Efaw's application for custody. Cunningham's attorney questioned Cunningham, eliciting testimony that he lived in Colorado with his fiancée and worked as a server at a "breakfast spot."

In issuing an oral decision, the judge stated it was "in the child's best interest between the two [parents] that Mr. Cunningham have custody." The judge acknowledged that Cunningham had not filed an application for relocation. Therefore, he ordered Cunningham to return the child to New Jersey or file a motion for relocation. He granted Efaw and the Elgersmas parenting time "as Mr. Cunningham sees fit." An October 19, 2021 order memorialized the decision.

Cunningham filed the requisite application for relocation and Efaw moved for reconsideration of the custody order and opposed the relocation application.

The day prior to the scheduled motion date, Efaw's counsel requested an adjournment because criminal charges related to Efaw's care of the child were pending. The record does not reflect whether the court apprised counsel it was denying the adjournment request. But the court considered the motions the following day.

On January 25, 2022, the trial court denied the reconsideration motion and granted Cunningham's application for relocation. The order stated:

> This matter having been reviewed by the court, and it appearing that defendant, mother Kali Efaw is unable to proceed, and the court having issued an order on October 19, 2021 with regard to the parties' child . . . and it appearing that the child is safe with her father, defendant Colton Cunningham in Colorado and for good cause it is . . . ordered that the application for reconsideration is denied as Ms. Efaw is unable to proceed. It is also ordered that Mr. Cunningham's application for relocation is granted. New Jersey surrenders jurisdiction. Future proceedings to be filed in the State of Colorado the child's home state, where she has resided with her father since July 2021.

After Efaw filed her notice of appeal, the trial court supplemented its order under Rule 2:5-1(b). The court stated that Efaw's "significant substance abuse and lifestyle issues" resulted in the August 2020 consent order transferring custody to the Elgersmas.

A-2032-21

For the first time, the court referenced the criteria under N.J.S.A. 9:2-4(c) to consider when ruling on a custody application. After analyzing the facts in light of the enumerated statutory factors, the court concluded Cunningham was the appropriate custodial parent. The supplemental letter did not address parenting time for Efaw.

The court then addressed the reconsideration motion and relocation application for which Efaw sought an adjournment and a plenary hearing. The court stated:

> The application overlooks the fact that this court conducted a plenary hearing on October 19, 2021 and issued a ruling. . . . All four of the litigants were given ample opportunity to testify. . . . Efaw expressed an inability to move forward because of the pending criminal charges. Because the reconsideration motion asserted matters already considered by the court and because Efaw was unable to move forward, the court denied her motion.

On appeal, Efaw contends the court erred in: denying her request for an adjournment; granting Cunningham custody without the implementation of any parenting schedule for her; denying her motion for reconsideration; and granting Cunningham's relocation application without a plenary hearing.

"We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and

6

expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Thus, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'" Id. at 283 (quoting Cesare, 154 N.J. at 411-12). We will only disturb a family court's factual findings where the findings are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence to ensure there is no denial of justice." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (internal quotation marks omitted).

We review a trial court's denial of a motion for reconsideration for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). However, a court's legal decisions are reviewed de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019).

In August 2020, the Elgersmas were granted custody of the child, with Cunningham's consent. He retained the summer parenting time accorded him under a prior consent order. He moved to Colorado in June 2021. At the time, the Elgersmas, Efaw, and the child all lived in New Jersey. Efaw moved for custody in June 2021. Cunningham picked the child up in July and took her to Colorado. Cunningham never returned the child after his summer parenting time

but instead enrolled her in school in Colorado. During this time, Efaw's custody application was pending. Cunningham never moved for custody until after the court held a hearing on Efaw's application.

Following a brief hearing, the court granted Cunningham's application and awarded him custody. The court gave some reasons for its decision and later, after the filing of the notice of appeal, properly considered the statutory factors under N.J.S.A. 9:2-4(c). The judge also found Cunningham to be credible. We defer to those findings and determination.

However, the court did not grant Efaw any parenting time despite Efaw's and the Elgersmas' testimony that she was doing well and should be permitted time with the child, if not full custody. The court did not inquire of Cunningham regarding his position as to Efaw's parenting time.

Under the previous order, Efaw had parenting time with the child supervised by the Elgersmas. Without any supporting reasons, the October 19, 2021 order granted Efaw and the Elgersmas parenting time as "Cunningham sees fit."

Efaw moved for reconsideration. Cunningham filed an application for permission to relocate with the child to Colorado. Both motions were scheduled for the same date. After Efaw was charged with fourth-degree cruelty and

neglect of the child, N.J.S.A. 9:6-3, she requested an adjournment of the motion hearings.

The court did not grant the requested adjournment but instead considered both motions on the papers. There were no reasons for the denial of the postponement; the order noted that Efaw was "unable to proceed."

Because of the magnitude of the consequences, and since Efaw had good cause for an adjournment, it was a mistaken abuse of discretion to deny the request. See State v. Miller, 216 N.J. 40, 65 (2013); Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020). The October 2021 and January 25, 2022 orders completely changed this family's dynamic and had an immense impact on both Efaw and the parties' child. Efaw no longer had any set parenting time with her child who now permanently lived more than 1500 miles away. The consequences of the orders entered without a hearing caused a manifest injustice to Efaw, requiring their reversal.

Because the court gave sufficient reasons in its supplemental letter, we do not disturb the grant of custody to Cunningham on the facts present here. Efaw may make a future application, if appropriate, if she deems the circumstances warrant a review of the custody order. However, we remand the matter to the trial court to conduct a plenary hearing and make determinations regarding

9

parenting time and whether it is in the best interests of the child to relocate with Cunningham to Colorado. In making the relocation decision, the court must consider the statutory factors under N.J.S.A. 9:2-4(c) and the guidance enunciated under Bisbing v. Bisbing, 230 N.J. 309 (2017). Because the Family Part judge made credibility findings, we direct the matter be assigned to a different judge. See R.L. v. Voytac, 199 N.J. 285, 306 (2009) ("Because the trial court previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial court.").

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2032-21