**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3442-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AMBER D. LYNCH,

     Defendant-Appellant.

_____

Argued September 25, 2025 – Decided October 14, 2025

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-009.

Peter M. O'Mara argued the cause for appellant (The O'Mara Law Firm, attorneys; Peter M. O'Mara, on the brief).

Michael A. Cricchi, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief; Ryan Corbin, Legal Assistant, on the brief).

PER CURIAM

Defendant Amber D. Lynch appeals from the Law Division's June 4, 2024 order finding her guilty, following de novo review of the municipal court appeal, of failing to yield to a pedestrian, N.J.S.A. 39:4-36(a). The sole issue on appeal is whether the Law Division acted within its discretion in denying defendant's request for an adjournment. Following our review of the record and the applicable legal principles, we affirm.

I.

On December 15, 2023, defendant was exiting Top Plaza onto Union Hill Road in Marlboro Township. She stopped her vehicle at the plaza's exit stop sign. Immediately past the stop sign is an intersection with a marked crosswalk, parallel to Union Hill Road. Bernhard Sokal was standing on the right side of the intersection, waiting to cross to defendant's left. After defendant's vehicle stopped at the stop sign, Sokal began to cross the intersection. Defendant then proceeded through the stop sign, striking Sokal and knocking him to the ground. The front passenger tire of defendant's vehicle ran over part of Sokal's right foot.

Marlboro Township Police issued defendant a summons for failing to yield to a pedestrian. Defendant's first appearance was scheduled for December 29, 2023, in the Marlboro Township Municipal Court, but for reasons unknown

to the Law Division, defendant did not appear on that date. On January 18, 2024, defendant appeared, self-represented, and pled not guilty. On February 7, 2024, the court scheduled trial for March 14. Defendant retained counsel on or about March 7, 2024, who then filed a notice of appearance.

Defense counsel asserts he requested an adjournment of the trial when he was retained, but the Marlboro Municipal Clerk denied the request. On the day of trial, defendant appeared in person and again requested an adjournment, which was denied. Following trial, the municipal court found defendant guilty of violating N.J.S.A. 39:4-36(a) and ordered her to pay a $207 fine and $33 in court costs.

Defendant appealed to the Law Division, and her sentence was stayed pending appeal. The Law Division heard the de novo appeal on June 3, 2024. On June 4, 2024, the Law Division also found defendant guilty and imposed the same fines.

II.

Defendant raises the following point on appeal:

> THE COURT'S FAILURE TO ADJOURN TRIAL IN THIS MATTER AND ALLOW THE STATE TO PROVIDE DISCOVERY WAS AN ABUSE OF DISCRETION.

3

Appellate review of a de novo proceeding in the Law Division, following an appeal from the municipal court, is exceedingly narrow. See State v. Locurto, 157 N.J. 463, 470-71 (1999). It is "limited to the action of the Law Division['s decision] and not that of the municipal court." State v. Palma, 219 N.J. 584, 591-92 (2014) (internal citation and quotation marks omitted).

A motion for an adjournment, in criminal and civil cases, is addressed to the sound discretion of the trial court, and a denial of an adjournment will not lead to reversal on appeal, unless the defendant suffered a manifest wrong or injury. See State v. Miller, 216 N.J. 40, 66-67 (2013); State v. Hayes, 205 N.J. 522, 537 (2011); Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020).

Defendant argues the municipal court's denial of her adjournment request under Rule 7:8-3 was an abuse of discretion. She further claims the State failed to provide her with discovery in a timely manner.

"A court may exercise broad discretion in controlling its calendar." State v. Kates, 426 N.J. Super. 32, 45 (App. Div. 2012). In exercising that discretion, "[a] trial court must strike a balance between its inherent and necessary right to control its own calendar and the public's interest in the orderly administration

4

of justice." Ibid. (quoting State v. Furguson, 198 N.J. Super. 395, 402 (App. Div. 1985)).

Defendant's attorney received an email the day before trial advising discovery was available for his review. Counsel then appeared at trial and requested an adjournment to obtain discovery. The municipal court denied defendant's request for an adjournment but gave defense counsel an opportunity to obtain and review the discovery during a recess. Counsel declined to review the discovery. He stated he believed it "would be fruitless."

Before the Law Division, defense counsel argued he was unaware Sokal had been injured, and the discovery would have assisted in his preparation in that regard. Counsel also stated he was not prepared for the municipal trial because he did not have discovery but conceded he could not state how he was prejudiced, despite having subsequently received the discovery following the trial.[1]

---

[1] Defendant now asserts the discovery received after the municipal court trial, but before the de novo appeal was heard, showed a discrepancy between the accident report and the testimony of one of the police officers. This issue was not raised before the Law Division and was only raised for the first time on appeal. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

A-3442-23

In addressing defendant's adjournment request, the Law Division noted:

> During the trial de novo this court questioned [defense counsel] as to how he was prejudiced by the municipal court's denial of his request for adjournment made on the day of trial. He candidly conceded that he could not point to any prejudice but claimed he was not aware of . . . Sokal's injuries and, had he known about them, he would have made further inquiries. However, . . . Sokal's injury was not an element of this offense and defendant could have been convicted with a mere showing that defendant failed to yield to Sokal while he was in the crosswalk without any showing he was injured or even struck b[y] her vehicle.

The court went on to conclude, "[d]efendant [did] not demonstrate[] prejudice from the denial of the request for an adjournment."

We conclude the Law Division did not misapply its discretion in denying the adjournment request. Again, we will only reverse a trial court for failing to grant an adjournment if the trial court abused its discretion, causing a party a "manifest wrong or injury." Hayes, 205 N.J. at 537 (quoting State v. McLaughlin, 310 N.J. Super. 242, 259 (App. Div. 1998)).

Counsel ably represented defendant during the municipal court trial, and he could not articulate any identifiable prejudice let alone any "manifest wrong or injury" suffered by defendant as a result of the Law Division's ruling. Counsel failed to point to any relevant information in the requested discovery that would have changed the outcome of the case. Moreover, he was given an

6

opportunity to review the discovery during a court recess in a matter he characterized as a "relatively simple traffic infraction," but declined to do so. Had counsel attempted to view the discovery and been denied access, or if he had discovered something significant that would have warranted an adjournment, he could have properly raised the issue before the court. Instead, he assumed it would have been a "fruitless" venture and decided not to review the discovery.

Requests for adjournments in municipal court are governed by Rule 7:8-3, which provides courts "may adjourn the trial" and that "additional adjournments may be granted" when the court deems it "reasonably necessary in the interest of justice." Under the circumstances in this matter, we determine the Law Division did not err in exercising its discretion by denying the adjournment.

We by no means suggest that reasonable requests for adjournments should not be entertained by municipal courts when an attorney is retained, through no fault of their own, close to trial as was the case here. However, our review in this case is confined to the Law Division's decision, and we discern no reason to disturb the court's conclusions, given defendant's failure to demonstrate a manifest wrong or injury to herself.

7

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3442-23