**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2459-24

IN THE MATTER OF
JOHN H. HARRINGTON.

_____

Submitted January 22, 2026 – Decided April 17, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the New Jersey Motor Vehicle Commission.

Law Offices of Shannon Garrahan, PC, attorney for appellant John H. Harrington (Shannon Garrahan, on the brief).

Jennifer Davenport, Acting Attorney General, attorney for respondent New Jersey Motor Vehicle Commission (Christopher Weber, Assistant Attorney General, of counsel; Amy Chung, Deputy Attorney General, on the brief).

PER CURIAM

Defendant John H. Harrington, a resident of New Jersey, appeals from the March 28, 2025 final administrative decision of the New Jersey Motor Vehicle Commission (MVC) suspending his driving privileges, based on his conviction

in the State of New York for driving while ability impaired (DWAI) in violation of N.Y. Veh. & Traf. Law § 1192.1. After reviewing the record in light of well-settled legal principles, we affirm.

We discern the following facts and procedural history from the record. It is undisputed the New York Department of Motor Vehicles notified the MVC of Harrington's arrest in June 2022, pursuant to the Interstate Driver License Compact (Compact), N.J.S.A. 39:5D-1 to -14. As an enforcement mechanism, the Compact imposes a reciprocal obligation on every signatory state to honor each other's laws governing the eligibility to operate a motor vehicle. N.J.S.A. 39:5D-1(b)(2). The notice further reported Harrington's subsequent guilty plea and conviction for DWAI, entered in March 2023 in Warwick, New York.

In late March 2023, the MVC issued a scheduled suspension notice to Harrington, stating his driving privileges were subject to suspension as of April 14, 2023, for 730 days under N.J.S.A. 39:4-50, N.J.S.A. 39:5-30, N.J.S.A. 39:5D-4, and N.J.A.C. 13:19-11.1 to -11.2. Through counsel, Harrington requested a hearing, contending his "conviction in New York was not substantially similar to New Jersey law." Specifically, he argued the factual basis for his New York plea did not establish a prima facie case under New Jersey statutes.

A-2459-24

In its April 17, 2023 response sent to Harrington's home address, the MVC acknowledged his request for a hearing and informed him the hearing would be decided based on the written submissions. The letter noted Harrington's hearing request challenged whether his blood alcohol concentration (BAC) in the New York conviction was below .08%, which related directly to the proposed suspension in New Jersey. Harrington was advised he had the "affirmative burden to demonstrate, by clear and convincing evidence, . . . the State of New York conviction was based exclusively on a violation of a proscribed . . . BAC of less than .08%." (Emphasis added). He was instructed to provide a notarized affidavit setting forth the relevant facts and his position, as well as copies of any supporting documents or other evidence, using the requisite affidavit language.

Harrington's counsel provided a copy of the plea transcript to the MVC and twice indicated Harrington would submit an affidavit. Counsel subsequently withdrew from representing Harrington. In a separate letter sent in May 2023, Harrington informed the MVC he was self-represented and would submit supporting evidence. However, he did not provide any additional documents or evidence to the MVC in support of his claim.

On March 28, 2025, the MVC issued the Order of Suspension effective April 17, 2025, without a hearing. The MVC reiterated the sole issue was

A-2459-24

whether Harrington met his burden under the clear and convincing standard that his New York conviction was for an offense based exclusively upon a violation of a BAC less than .08%. It noted in the absence of proof of such BAC level, Harrington "shall forfeit the right to operate a motor vehicle over the highways of this State for a period of not less than one year or more than two years upon conviction" under N.J.S.A. 39:4-50 and N.J.A.C. 13:19-11.1 to -11.2. The MVC also noted the New York conviction was Harrington's second alcohol-related driving offense. He committed the first offense in New Jersey, resulting in a conviction of both driving while intoxicated and refusal in Wayne on May 7, 2021.

The MVC explained Harrington failed to meet his burden because he did not submit any proof regarding a BAC—specifically, the official record and plea transcript did not make a BAC finding or reflect an admission to a BAC. The plea colloquy showed only Harrington's voluntary admission to DWAI, which includes the impairment element. Given the absence of supporting evidence, the MVC determined Harrington did not satisfy his burden by clear and convincing evidence his New York conviction was based exclusively on a blood alcohol of less than .08% to meet the "very limited" exception to New Jersey's statute. The MVC denied Harrington's motion for a stay pending appeal.

On appeal, Harrington argues the MVC suspension order should be vacated due to the "extreme delay" in issuing the order, which caused undue prejudice. Harrington contends this delay violated his fundamental due process rights.

Our review of an agency's determinations is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022) (citing Hargrove v. Sleepy's, LLC, 220 N.J. 289, 201-02 (2015)).

We "review[] agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). Therefore, an agency determination on the merits "will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27).

A-2459-24

We reject Harrington's contention there was no proof he understood the suspension process or had the opportunity to present further evidence as a self-represented driver. The record contradicts his contention. The March 2023 suspension notice expressly informed Harrington of his right to request a hearing and outlined the procedure. The April 2023 acknowledgement letter provided additional details, specifying the disputed issue, advising him of his affirmative burden, and explaining the submission of an affidavit. Both documents demonstrate the MVC properly informed Harrington of the nature of the proceedings and his procedural obligations. Self-represented litigants are entitled to meaningful due process but are held to the same statutory and evidentiary standards as represented litigants. See Mims v. City of Gloucester, 479 N.J. Super. 1, 4 (App. Div. 2024).

While Harrington contends his former counsel submitted additional evidence, the record shows neither he nor his former counsel presented any additional documents, which raised disputed issues of material fact requiring a hearing. Nor did he present any additional document beyond the New York plea transcript. Failure to provide specific findings the New York conviction was based on a BAC less than .08% obviated the need for an evidentiary hearing.

A-2459-24

N.J.A.C. 13:19-1.2(e); Frank v. Ivy Club, 120 N.J. 73, 98 (1990); N.J. Div. of Motor Vehicles v. Pepe, 379 N.J. Super. 411, 419 (App. Div. 2005).

In this context, we now address Harrington's contention the MVC's extreme delay in issuing the order of suspension in 2025 was prejudicial. Harrington relies on In re Arndt, 67 N.J. 432 (1975); however, such reliance is misplaced. In Arndt, the Court reversed the judgment and vacated the order of suspension, concluding the MVC did not provide a satisfactory reason for the delay, and the proceedings were conducted with unfair disregard of appellant's rights. Specifically, the MVC issued the notice of proposed suspension twenty months after the arrest and appellant's refusal to submit to a breath test, with the actual suspension order issued ten months after the hearing.

"In limited circumstances, agency actions may be set aside as fundamentally unfair where the agency failed to act within a reasonable time and the delay 'evidence[d] an entire lack of that acute appreciation of justice which should characterize a tribunal with [such a] delicate and important duty.'" N.J. Div. of Child Prot. & Permanency v. G.R., 435 N.J. Super. 392, 403 (App. Div. 2014) (alterations in original) (quoting In re Arndt, 67 N.J. at 436-37). Further, the doctrine of fundamental unfairness "effectuates imperatives that government minimize arbitrary action, and [it] is often employed when

narrowed constitutional standards fall short of protecting individual[s] against unjustified harassment, anxiety, or expense." Ibid. (second alteration in original) (emphasis omitted) (quoting State v. Miller, 216 N.J. 40, 71 (2013)).

Harrington presents no evidence of undue delay or arbitrary action in the MVC's consideration of his submission, nor does he offer evidence supporting a finding the MVC failed to act within a reasonable time. Instead, Harrington highlights the amount of time that elapsed between the suspension notice and the order of suspension. Bald assertions or conclusory statements unsupported by the record are insufficient to establish prejudice. State v. Porter, 216 N.J. 343, 355 (2013). Accordingly, we discern no reversible error in the MVC's decision to impose a suspension of his driving privileges, authorized by N.J.S.A. 39:5D-4 and N.J.S.A. 39:4-50, and supported by the undisputed evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division